No. 93-506

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CITY OF MISSOULA,

Plaintiff and Respondent,

-vs-

JAMES ASBURY, DEBORAH BAKER,
LONNIE BOSTON, CLAIRE BRISENDINE,
FRANK BRISENDINE, HELEN BROWN,
THOMAS BRUECKNER, STEVEN EUKER,
MIKE FARMER, JOHN GROVE, DEANA IRVINE,
PATRICK KINSELLA, GAIL KRAUTTER,
JOHN LEWIS, AMANDA McCURDY,
PATRICK McCURDY, BRADLEY PRIGGE,
KEITH SIMMONS, ROGER SMITH, BRADLEY
STEPHENSON, and RALPH TURNER,

Defendants and Appellants.



APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Patrick F. Flaherty, Attorney at Law,
Great Falls, Montana

For Respondent:

Judith L. Wang, Assistant City Attorney,
Missoula, Montana

Submitted on Briefs: April 7, 1994

Decided: April 27, 1994

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The numerous Appellants in this case appeal from an order of the Fourth Judicial District Court, Missoula County, affirming the judgment of the Municipal Court of the City of Missoula convicting them of criminal offenses. The assertions of error relate to alleged abuses of discretion by the Municipal Court in granting the City of Missoula's motion in limine excluding certain testimony and materials from evidence in the underlying criminal trial. We affirm.

The relevant facts in this case are not in dispute. Appellants were among numerous people arrested at the Blue Mountain Clinic in Missoula on November 23, 1991, as a result of their activities in blocking the Clinic doors and interfering with people desiring to utilize the Clinic. All adult defendants were charged with trespass, criminal contempt and disorderly conduct; the City subsequently amended the charge of disorderly conduct to one of failure of disorderly persons to disperse.

Certain defendants filed motions to dismiss the charges. A number of notices of affirmative defenses also were filed. The City of Missoula (City) filed a motion in limine requesting the Municipal Court to exclude evidence purportedly relating to defenses. The court denied the motions to dismiss and granted the City's motion in limine.

A jury trial was held and Appellants were convicted of the three offenses with which they were charged. They appealed their

2

convictions to the District Court on a variety of grounds, including the granting of the City's motion in limine.

The District Court reviewed the record and questions of law pursuant to § 3-6-110, MCA. It rejected Appellants' assertions of error, affirmed the judgment of the Municipal Court and remanded to that court for execution of the sentences imposed. On motion of the Appellants, the District Court subsequently stayed execution of the sentences pending appeal to this Court.

> Did the Municipal Court abuse its discretion in excluding evidence relating to whether life begins at conception?

Appellants' assertions of error relating to the Municipal Court's granting of the City's motion in limine are premised on the principles that criminal defendants have a right to be heard and to present a defense. These principles and their importance in American jurisprudence are so fundamental and well-established as to need no discussion or citation to authority.

It is equally clear, however, that limitations exist on the right to be heard and present a defense. "In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers v. Mississippi (1973), 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 313.

In the case before us, the City filed a motion in limine--primarily on relevance grounds--to exclude testimony and materials to be offered by Appellants in connection with their "defenses." The Municipal Court granted the motion.

3

"The purpose of a motion in limine is to prevent the introduction of evidence which is irrelevant, immaterial, or unfairly prejudicial." City of Helena v. Lewis (Mont. 1993), 860 P.2d 698, 700, 50 St.Rep. 1103, 1104 (citation omitted). We will not overturn a court's grant of such a motion absent an abuse of discretion. Lewis, 860 P.2d at 700.

The admissibility of the evidence to be offered by Appellants at trial is, in the first instance, a question of relevance. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, M.R.Evid. Relevant evidence generally is admissible; "[e]vidence which is not relevant is not admissible." Rule 402, M.R.Evid. Relevant evidence in this case relates to whether the Appellants committed the charged offenses and whether any recognized defenses are applicable.

Defenses to criminal charges generally are matters of statute in Montana. Defenses available include "compulsion" and "use of force in defense of person," sometimes called the justifiable use of force defense, as defined in §§ 45-2-212 and 45-3-102, MCA. The compulsion defense merges the common law defenses of necessity, justification, compulsion, duress and "choice of two evils." State v. Ottwell (1989), 240 Mont. 376, 379, 784 P.2d 402, 404. Appellants herein do not specifically argue that any of the evidence excluded by the grant of the City's motion in limine is relevant to these, or any other, statutory defenses. Moreover,

4

they appear to concede that, under Lewis, the compulsion defense is not available here because it does not excuse criminal conduct in response to imminent threat of harm to a third party. See Lewis, 860 P.2d at 701.

Appellants do present a lengthy discussion on when life begins. They assert that the Municipal Court abused its discretion in excluding evidence of their belief that life begins at conception, without citing to any defense to which that evidence might be relevant.

Appellants apparently are attempting to argue that, if life begins at conception, they are entitled to rely on the justifiable use of force defense. Insofar as is relevant here, that defense justifies a person's "use of force . . . against another when and to the extent that he reasonably believes that such conduct is necessary to defend . . . another against such other's imminent use of unlawful force." Section 45-3-102, MCA.

As best we can construct Appellants' argument, it is this:

1.  Appellants' acts of trespass would be characterized as the "use of force" against another--the Clinic;
2.  The Clinic's performing of abortions would be characterized as the "use of force";
3.  Appellants believe that life begins at conception;
4.  Under Appellants' belief, the fetus would be "another" against whom the use of force was imminent;
5.  Thus, Appellants' "forcible" trespass would be based on their "reasonable belief" that such conduct was necessary to defend the fetus against the imminent use of force by the Clinic.

Even assuming (without so holding) that the first two

5

characterizations were appropriate, the statutory justifiable use of force defense is not applicable to Appellants' conduct.

Section 45-3-102, MCA, requires that the use of force against another alleged to be imminent, and to justify a corresponding use of force, must be "unlawful." In light of the continued efficacy of Roe v. Wade (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, the Clinic's activities cannot constitute the unlawful force required for application of the justifiable use of force defense as defined in § 45-3-102, MCA.

Appellants contend that our decision in Strzelczyk v. Jett (Mont. 1994), ___ P.2d ___, 51 St.Rep. 206, supports their position that they were entitled to defend against criminal charges by discussing when life begins. We disagree.

In Jett, we concluded that a full-term fetus is a "person" as defined in § 27-1-513, MCA, for purposes of bringing an action for the tort of wrongful death. Jett, 51 St.Rep. at 208. We did not reference or discuss issues of viability or when life begins. Moreover, the concurring opinion in Jett specifically notes that the case did not relate to abortion in any way, and briefly discusses the differences between acts which might form the basis for a negligence action for wrongful death and those which result in a lawful abortion under Roe. Jett, 51 St.Rep. at 208 (Gray, J., specially concurring).

We conclude that the Municipal Court did not abuse its discretion in excluding Appellants' evidence on when life begins.

6

for Appellants' conduct.

Did the Municipal Court abuse its discretion in excluding "treaty" or "international law" defenses?

Several of the Appellants raised an issue of reliance on treaties entered into by the United States in their motions to dismiss in the Municipal Court. The City included reliance on the treaty in its motion in limine, which was granted by that court. In a section of their brief before us entitled "Whether the trial court erroneously excluded the defense of international laws," Appellants reassert that treaty issue here. The City responds that the treaty/international laws issue is not properly before us. We agree.

As set forth above, the District Court reviewed this appeal from the Municipal Court under § 3-6-110, MCA. Under that procedure, unlike "appeals" for trial de novo from justice court to district court, the district court acts as an appellate court and reviews questions of law presented on the record before it. See § 3-6-110, MCA; In the Matter of Municipal Court Appeals to District Court, Order of the Montana Supreme Court, dated May 12, 1992.

The Appellants filed a "Defendants' Opening Brief," together with an appendix to that brief, in their appeal to the District Court. The City filed a responsive brief. No further briefs were filed. We have scrutinized the Appellants' brief in the District Court closely. It advances no issue regarding the treaty as paramount law; indeed, the treaty Appellants attempt to rely on here is never mentioned therein.

The principle that this Court will not address an issue not

8

Did the Municipal Court abuse its discretion in excluding evidence of biblical or moral justification?

Appellants also assert that the Municipal Court abused its discretion in precluding their ability to rely on biblical or moral justification as a defense to the criminal charges against them. As set forth above, defenses to criminal charges are statutory in Montana. Appellants' individual religious and moral beliefs are neither included in, nor relevant to, those statutory defenses.

In affirming a district court's rejection of biblical or moral justifications for actions substantially similar to those of Appellants here, we quoted with approval the following language from Cleveland v. Municipality of Anchorage (Alaska 1981), 631 P.2d 1073, 1084:

> "[t]hey [philosophers and religionists discussing civil disobedience] have been in general agreement that while in restricted circumstances a morally motivated act contrary to law may be ethically justified, the action must be non-violent and the actor must accept the penalty for his action. In other words, it is commonly conceded that the exercise of a moral judgment based upon individual standards does not carry with it legal justification or immunity from punishment for breach of the law."

Lewis, 860 P.2d at 702-703. The same reasoning applies here. Appellants' beliefs are sincere and fervent and Appellants are entitled to hold and act upon them. Those personal beliefs, however, do not provide legal justification for, or immunize Appellants from the consequences of, acts which violate the criminal laws of Montana.

We conclude that the Municipal Court did not abuse its discretion in excluding evidence of biblical or moral justification

presented to the trial court is well-established. State v. Thompson (1993), 259 Mont. 62, 65, 853 P.2d 1188, 1190. The rationale underlying the principle--while seldom stated--is that both fairness and judicial economy necessitate bringing alleged errors to the attention of each court involved, so that actual error can be prevented or corrected at the first opportunity. See State v. Applegate (Or. App. 1979), 591 P.2d 371, 373. Here, of course, the "treaty" issue was presented to the trial court which, in this instance, was the Municipal Court. However, the treaty issue was not presented to the first-level appellate court--here, the District Court.

While we have little experience in Montana with two-tiered appeals such as that presently before us, the expressed rationale clearly carries over into a two-tiered appeal. Thus, based on the Appellants' failure to raise the treaty issue at the first appellate level in the District Court, we conclude that the issue is not properly before us. As a result, we decline to address it.

AFFIRMED.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

9

April 27, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Roderick K. Ermatinger
ATTORNEYS INC., P.C.
301 West Spruce
Missoula, MT 59802

Robert C. Kelleher, Sr.
Attorney at Law
P. O. Box 397
Butte, MT 59703

Patrick F. Flaherty
Attorney at Law
625 Central Ave. W, #101
Great Falls, MT 59404

Frank and Claire Brisendine
731 Stuart
Helena, MT 59601

Helen A. Brown
233 Many Lakes Dr.
Kalispell, MT 59901-8365

Steven M. Euker
213 Glacier Drive
Lolo, MT 59847


Gail S. Krautter
524 First St.
Helena, MT 59601

John T. Lewis

P. O. Box 4594
Butte, MT 59702

Patrick & Amanda McCurdy
106 Dunbar Avenue
Helena, MT 59601

Bradley Prigge
2618 Phillips St.
Butte, MT 59701-4134

Keith Simmons
P. O. Box 4012
Missoula, MT 59806

Roger C. Smith
800 Cleveland
Missoula, MT 59801

Bradley & Shelley Stephenson
P. O. Box 1402
Fort Benton, MT 59442-1402

Ralph Turner
509 Grandview Drive
Stevensville, MT 59870

Judith Wang
Deputy City Attorney
Missoula City Hall
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy