JUSTICE NELSON
concurs.
I concur in the Court’s opinion. I agree that in City of Helena v. Lewis (1993), 260 Mont. 421, 860 P.2d 698, we unequivocally held that, by reason of language of § 45-2-212, MCA, the defense of necessity is not available where the person asserting the defense acts in the reasonable belief that death or serious bodily injury will be inflicted on someone other than himself or herself. See also City of Missoula v. Asbury (1994), [265 Mont. 14], 873 P.2d 936, in accord.
I suggest, however, that the restrictive language in our statutory law and our interpretations of that law leave the criminal defendant without a legitimate and important affirmative defense that was traditionally recognized at common law and which may very well be his or her only defense under the facts of a given case. While a defendant can always argue that he or she did not have the requisite mental state to commit the crime charged, that defense, in my experience, is rarely persuasive and certainly does not impact the jury with the same significance or force as does a recognized affirmative defense.
Whether § 45-2-212, MCA, was written to be restrictive by accident or by design, I respectfully submit that the statute should be amended to include a legitimate third-party necessity, justification, compulsion, duress, or “choice of two evils” defense.