No. 01-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 271

CITY OF MISSOULA,

Plaintiff and Respondent,

v.

PATRICK CAMPBELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Patrick Campbell, Pro Se, Missoula, Montana

For Respondents:

Judith L. Wang, Assistant City Attorney, Missoula, Montana

J. Thomas Bartleson, Legal Intern, Missoula, Montana

Submitted on Briefs: August 2, 2001
Decided: December 18, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Patrick Campbell (Campbell) appeals from the Fourth Judicial District Court's dismissal of his municipal court appeal. We affirm.

¶2 The following issues are presented on appeal:

> (1) Did the District Court err by failing to conduct a trial *de novo* in a municipal court appeal?

> (2) Were Campbell's Fourteenth Amendment rights violated because the District Court did not conduct a trial *de novo* in his municipal court appeal?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Campbell was charged with criminal trespass to property, disorderly conduct and obstructing a police officer in the Municipal Court of the City of Missoula. On October 26, 2000, Campbell failed to appear for his jury trial. The jury panel was dismissed, and Campbell was tried in absentia. After witness testimony, the Municipal Court found Campbell guilty of all charges.

¶4 Campbell timely filed a notice of appeal in the Fourth Judicial District Court, Missoula County. The District Court issued an Order on November 30, 2000, notifying Campbell of the applicable municipal court appeal procedure set forth in § 3-6-110, MCA. Additionally, the court required Campbell to file a brief within ten days and stated that "[f]ailure to file a brief will result in dismissal of the appeal." Campbell failed to file an appeal brief, and the District Court dismissed his appeal and remanded the matter to the Municipal Court for further proceedings. At this time, Campbell appeals the District Court's dismissal of his appeal.

## DISCUSSION

¶5 Did the District Court err by failing to conduct a trial *de novo* in a municipal court appeal?

¶6 Campbell contends that the District Court should have held a trial *de novo* in his appeal of a municipal court conviction. He contends that pursuant to § 46-17-311(1), MCA, the District Court was required to hold a trial *de novo*.

¶7 The State argues that Campbell mistakenly characterized his appeal as being from a conviction in "Missoula City Court." The State maintains that Campbell's appeal was from the Missoula Municipal Court and, as such, it was governed by § 3-6-110, MCA, rather than § 46-17-311(1), MCA. Under § 3-6-110, MCA, the State claims that Campbell was entitled to a review of the municipal court record and questions of law-not a trial *de novo*.

¶8 We agree. Campbell was convicted in Missoula Municipal Court, not "Missoula City Court." As provided in § 46-17-311(1), MCA, an appeal from a municipal court to the district court is governed by § 3-6-110, MCA. Section 3-6-110, MCA, provides that:

(1) A party may appeal to district court from a municipal court judgment or order. The appeal is confined to review of the record and questions of law, subject to the supreme court's rulemaking and supervisory authority.

(2) The record on appeal to district court consists of an electronic recording or stenographic transcription of a case tried, together with all papers filed in the action.

(3) The district court may affirm, reverse, or amend any appealed order or judgment and may direct the proper order or judgment to be entered or direct that a new trial or further proceeding be had in the court from which the appeal was taken.

¶9 Pursuant to § 3-6-110, MCA, Campbell was entitled to a review of the record and questions of law rather than a trial *de novo*. The District Court explicitly informed Campbell of the requirements set forth in § 3-6-110, MCA, in its Order of November 30, 2000. Furthermore, the court warned Campbell that failure to file a brief detailing the errors he believed occurred in the municipal court proceedings would result in dismissal of the appeal.

¶10 Accordingly, we hold that the District Court did not err by failing to conduct a trial *de*

*novo* in Campbell's municipal court appeal. We also hold that the District Court properly dismissed Campbell's appeal for failure to file a brief in support of his appeal.

¶11 Were Campbell's Fourteenth Amendment rights violated because the District Court did not conduct a trial *de novo* in his municipal court appeal?

¶12 Campbell contends that because the Twenty-First Judicial District Court held a trial *de novo* in his appeal of different convictions in Ravalli County, and the Fourth Judicial District Court in the present matter did not conduct a trial *de novo*, Campbell was deprived of his Fourteenth Amendment rights to equal protection of the laws under the United States Constitution.

¶13 Campbell raises this argument for the first time on appeal to this Court. The principal that this Court will not address an issue not presented to the trial court is well-established. *City of Missoula v. Asbury* (1994), 265 Mont. 14, 20, 873 P.2d 936, 939 (citation omitted). "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citations omitted). Here, Campbell never gave the District Court the opportunity to consider whether his constitutional rights were violated. Indeed, Campbell never filed an appeal brief. Since Campbell did not raise this issue in the District Court, we will not consider the issue.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE