Justice James Jeremiah Shea delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Ober E. Spear appeals the Order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his appeal of a Billings Municipal Court Judgment finding him guilty of failure to yield the right-of-way at a yield sign, in violation of § 61-8-342, MCA. We affirm.
¶ 3 On March 6, 2016, Spear was cited by the City of Billings (City) for failure to yield the right-of-way at a yield sign. This citation followed a traffic accident involving Spear's car and a motorcycle. On July 1, 2016, following a bench trial, the Municipal Court issued a Judgment finding that the City proved Spear committed the failure-to-yield violation. Spear was ordered to pay a $110 fine and a $10 witness fee. On December 1, 2017, Spear appealed to the District Court, raising three issues: (1) whether the police investigator properly investigated the accident; (2) whether the Municipal Court abused its discretion by not giving him sufficient time at the hearing; and (3) whether the Municipal Court correctly found that there was sufficient evidence to prove the failure-to-yield violation. On February 14, 2018, the District Court dismissed Spear's appeal, concluding that no legal basis existed to support it. Spear, appearing pro se, appeals.
¶ 4 When a case is appealed from a municipal court to the district court, the district court functions as an intermediate appellate court, and we review the district court's decision as if the appeal was originally filed in this Court. City of Helena v. Broadwater , 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589. We independently examine the district court's decision, "reviewing the [municipal] court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions and mixed questions of law and fact under the de novo standard." Stanley v. Lemire , 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643. "Our ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusion under the appropriate standards of review." Stanley , ¶ 26.
¶ 5 In this appeal, Spear argues that (1) he was entitled to a jury trial for his failure-to-yield violation; and (2) that the District Court erred by affirming his violation because the City did not provide testimony from the motorcyclist who collided with Spear. The State argues that Spear waived these issues on appeal by failing to raise them in his initial appeal before the District Court. We agree.
¶ 6 We have consistently held that we will not consider an issue on appeal where a defendant had an appeal to the district court and failed to raise that issue. State v. West , 2008 MT 338, ¶¶ 16-17, 346 Mont. 244, 194 P.3d 683 ; City of Missoula v. Asbury , 265 Mont. 14, 20, 873 P.3d 936, 939 (1994). Fairness and judicial economy require presenting alleged errors to each court involved so that the error can be prevented or corrected at the first opportunity. West , ¶ 17; Asbury , 265 Mont. at 20, 873 P.3d at 939. Spear did not raise either of the claims he raises in this appeal in his appeal to the District Court.[1] Accordingly, Spear has waived appellate review of those claims. See West , ¶¶ 16-17; Asbury , 265 Mont. at 20, 873 P.3d at 939. The District Court did not err in dismissing Spear's appeal.
¶ 7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.
We concur:
DIRK M. SANDEFUR, J.
BETH BAKER, J.
LAURIE McKINNON, J.

In his appeal to the District Court, Spear argued that there was insufficient evidence to convict him of the failure to yield charge. In his appeal before this Court, Spear argues that the District Court erred by affirming his violation because the City did not provide testimony from the motorcyclist with whom Spear collided. Though not precisely the same issue, even if we considered the merits of Spear's argument before this Court as a sufficiency of evidence claim, the City presented testimony from the officer who investigated the accident and testimony from an eyewitness to the accident. Thus, even without testimony from the motorcyclist with whom Spear collided, there was sufficient evidence to convict him of failure to yield.