No. 89-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

THOMAS LELAND CRANE,

Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Russell D. Yerger; Kurt W. Kroschel & Associates,
Billings, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
John Paulson and Kathy Seeley, Asst. Attys'. General
Richard A. Simonton, Dawson County Attorney; Marvin
Howe, Deputy Co. Atty., Glendive, Montana

Submitted on Briefs: Nov. 2, 1989

Decided: December 12, 1989

Filed: '89 DEC 12 AM 10 18
ED SMITH, CLERK
MONTANA SUPREME COURT
FILED

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Seventh Judicial District, Dawson County, Montana. The appellant, Thomas Leland Crane, was arrested on January 17, 1988, for violation of § 61-8-401, MCA, driving under the influence of alcohol, third offense, a misdemeanor. On January 19, 1988, the appellant appeared before the Glendive City Judge and pled not guilty to the charge. After numerous delays and continuances attributable to both the appellant and the State, the appellant was tried in District Court on March 3, 1989, found guilty by a jury and sentenced on April 14, 1989. The appellant now appeals his conviction, his judgment and execution of sentence being stayed pending his appeal to this Court. We affirm.

After appellant's arrest and initial appearance in Justice Court, an information charging him with driving under the influence (DUI), third offense, was filed in the District Court on January 26, 1988. The appellant made his initial appearance with his defense attorney, Jerry D. Cook. On February 10, 1988, following an omnibus hearing before District Court Judge Dale Cox, trial was set for April 5, 1988. On April 4, 1988, Judge Cox entered an order, sua sponte, vacating the April 4, 1988 date and resetting it for April 20, 1988. On April 13, 1988, the State moved for a continuance of the April 20, 1988 trial date because the arresting officer was not available to testify until June 17, 1988. The State specifically requested that the court set the trial date after June 17, 1988 but before July 17, 1988, so the six-month statute of limitations would not be exceeded. Upon oral order of the District Court on April 27, 1988, appellant's jury trial was set for June 28, 1988.

On June 22, 1988, the appellant, through his attorney, Mr. Cook, filed a "Motion for Continuance and Waiver of Speedy Trial." Mr. Cook moved the court for a continuance of the June 28, 1988, trial date because he had another trial scheduled for that date. The motion further stated that "Defendant herein specifically waives any objection to speedy trial." On June 29, 1988, the court set August 4, 1988 as appellant's trial date.

Prior to August 4, 1988, the deputy county attorney and Mr. Cook orally agreed that the appellant would plead guilty to the charge after December 12, 1988. The agreement to allow a delayed guilty plea was designed to benefit the appellant because after December 12, 1988, more than five years would have elapsed since appellant's first DUI conviction. The deputy county attorney and defense counsel believed this would reduce the administrative penalties the appellant faced.

The record indicates nothing further happened in the case until January 4, 1989, when the appellant filed a Substitution of Counsel, Consent and Notice substituting attorney, Russell Yerger, for Jerry Cook.

On January 11, 1989, at the State's request, the trial judge set February 3, 1989 as appellant's date for his jury trial. The record indicates through a minute entry made on February 1, 1989, that "Due to severe weather conditions and at the request of defense counsel" the trial was vacated and continued to March 3, 1989. Prior to jury trial, which was held March 3, 1989, the appellant's counsel filed a "Motion for Substitution of District Judge;" "Motion to Dismiss for Lack of Speedy Trial;" and moved for a continuance of the trial date until a decision on his motion to dismiss was entered and filed. Judge Roy E. Rodeghiero assumed jurisdiction on February 23, 1989, heard and denied the

3

appellant's motion to dismiss on March 1, 1989, and heard and denied the appellant's renewed motion to dismiss on March 3, 1989. On March 3, 1989, the jury found the appellant guilty of the offense of DUI, a misdemeanor.

The sole issue before this Court is whether the District Court erroneously denied the appellant's motion to dismiss for lack of speedy trial.

Appellant argues that every person accused of a crime is guaranteed the fundamental right to a speedy trial by the Sixth Amendment to the United States Constitution, which is made applicable to the States by virtue of the Fourteenth Amendment. State v. Chavez (1984), 213 Mont. 434, 691 P.2d 1365. This right in Montana is also secured by Sec. 24, Art. II, of the Montana Constitution. State v. Ackley (1982), 201 Mont. 252, 653 P.2d 851. When considering misdemeanor charges, such as the charge against the appellant here, these constitutional requirements are implemented by § 46-13-201(2), MCA, which mandates a six-month statute of limitations in which persons must be brought to trial.

It is the appellant's position that under the terms of § 46-13-201(2), MCA, his right to a speedy trial would have expired on July 17, 1988, but for appellant's counsel's June 22, 1988 motion for continuance because of conflicting trial date. Appellant argues that the waiver of speedy trial date of June 22, 1988, was not specific in scope or length at the time of the waiver, and was not set forth in the motion for continuance. Appellant's counsel did not indicate that the waiver was nothing but a waiver of a right to a speedy trial with respect to the day of the conflicting trial date. According to the appellant, his speedy trial rights evaporated on either of the following dates: December 22, 1988 (six months after the date of the appellant's motion for continuance); or September 20, 1988 (45 days after the August

4

4, 1988 trial date which had been set as a result of appellant's motion).

The respondent State argues that the appellant was not denied his right to a speedy trial under § 46-13-201(2), MCA, in that it does not apply in this case. Section 46-13-201(2), MCA, states:

> (2) The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed if a defendant whose trial has not been postponed upon his application is not brought to trial within 6 months after entry of plea upon a complaint, information, or indictment charging a misdemeanor.

The above section mandates dismissal of a misdemeanor charge not brought to trial within six months if the defendant has not asked for a postponement, and if the State has not shown good cause for the delay. While this Court has not specifically ruled on the applicability of this section when a defendant has asked for a postponement, the language of the statute makes it clear that the six-month limitation does not apply in this case.

In construing a statute, it is our function as an appellate court to ascertain and declare what in terms or in substance is contained in a statute and not insert what has been omitted. Dunphy v. Anaconda (1968), 151 Mont. 76, 438 P.2d 660. In State v. Ronningen (1984), 213 Mont. 358, 691 P.2d 1348, this Court stated: "But the statute is clear and the facts are clear. If the defendant requests the postponement the six-month trial deadline does not apply." Ronningen, 691 P.2d at 1350. Here the appellant's trial was postponed upon his own application of June 22, 1988, before the six-month time limit had expired. We find no statute which allows the six-month period to be extended after a

5

delay has been caused by the appellant. Thus, we hold that § 46-13-201(2), MCA, has no application in the instant case.

We find the length of the delay is what triggers a speedy trial inquiry. Here there were 410 days between the appellant's arrest and his jury trial. However, in determining whether the appellant was denied his right to a speedy trial, that period of time from the date of arrest and the length of the delay before trial are not interchangeable terms. "Length of delay refers only to the time period chargeable to the State." State v. Wirtala (Mont. 1988), 752 P.2d 177, 180, 45 St.Rep. 596, 599. In State v. Grant (Mont. 1987), 738 P.2d 106, 109, 44 St.Rep. 994, 997, this Court noted that any delay in bringing a defendant to trial which is attributable to defendant's own actions must be deducted from the total delay for purposes of determining whether speedy trial rights were violated. Also, "[d]elays in bringing the defendant to trial caused or consented to by defendant are considered to constitute a waiver of the right to be tried within the time fixed by statute or required by the constitution. (Citations omitted.)" State v. Robbins (1985), 218 Mont. 107, 116, 708 P.2d 227, 233.

When appellant, through his counsel, moved on June 22, 1988 for a continuance of his trial date, 164 days had elapsed from the date of his arraignment. He coupled his motion for continuance with a waiver of any objection on the grounds of speedy trial. The rescheduled trial date of August 4, 1988 took the case beyond the six-month period, which was solely the responsibility of the appellant. The period from June 22 to August 4 was 43 days.

The further postponement of the trial date was 130 days, from August 4, 1988 to December 12, 1988. This delay also was caused or consented to by the appellant. He is therefore responsible for, or waived objection to, a total of

339 days of the total delay. The remaining time, consisting only of 73 days, is attributable to the State.

While the appellant argues that the 130-day delay resulted from a continuing plea bargaining process and is attributable to the State, the evidence is uncontroverted that in order to benefit his client, appellant's attorney consented to delaying the trial until after December 12, 1988. We note that shortly after the time set in December, 1988, for the entrance of plea, the appellant obtained new counsel. On appeal, new counsel alleges that inasmuch as the agreement to delay was for his client's benefit, this delay was not a written order nor signed by either the appellant, his counsel or the deputy county attorney, and therefore the delay should be counted against the State and not against his client. We disagree.

In State v. Dinndorf (1983), 220 Mont. 308, 658 P.2d 372, a case involving the withdrawal of a guilty plea, the county attorney agreed with the defendant not to make a sentencing recommendation. However, just before the hearing, the county attorney recommended at the sentence hearing a ten-year sentence. The district court denied the withdrawal stating there was nothing on record to support the conversations between the defense attorney and the county attorney. In that case this Court remanded the case back for resentencing noting the district court erred in not considering other factors including an oral agreement or a promise. This Court held that the district court improperly denied the motion to withdraw and remanded the case for resentencing. The same can be said in this case.

The change of defense counsel after one attorney had represented the appellant for nearly an entire year and had in effect lulled the county attorney's office into believing that in order to benefit the appellant they would wait until

7

December to enter a plea, it is not necessary in this case to have a written signed agreement of the parties.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

Justices