No. 96-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

CURTIS A. FITZGERALD,

Defendant and Appellant.


APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Mark E. Jones, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Jennifer Anders, Assistant Attorney General;
Helena, Montana

Robert L. "Dusty" Deschamps III, Missoula County
Attorney; Betty Wing, Deputy County Attorney;
Missoula, Montana


Submitted on Briefs: May 30, 1997

Decided:   June 17, 1997
Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Curtis A. Fitzgerald was cited with driving under the influence of alcohol pursuant to 61-8-401, MCA, on August 22, 1995. The Missoula County Justice Court denied both Fitzgerald's motion to suppress evidence of his breathalyzer test result, and his motion to dismiss for lack of speedy trial. Fitzgerald pled guilty, reserving his right to appeal both rulings in District Court. Prior to trial in the District Court, Fitzgerald again moved to dismiss for lack of speedy trial, or in the alternative, to suppress the breathalyzer test result. The Fourth Judicial District Court, Missoula County, denied both motions. Fitzgerald entered a plea of guilty. Fitzgerald appeals from the sentence and judgment of the District Court, and from the order denying his motion to dismiss for lack of speedy trial, or in the alternative, to suppress the breathalyzer test result. We affirm.

The issues on appeal are:

1. Did the District Court err when it failed to dismiss for lack of speedy trial pursuant to 46-13-401(2), MCA?

2. Did the District Court err when it failed to suppress Fitzgerald's blood alcohol content test results?

FACTUAL BACKGROUND

Curtis A. Fitzgerald was charged with driving under the influence of alcohol in Missoula County Justice Court on August 23, 1995. He appeared in court and pled not guilty to the charged offense on August 29, 1995.

An omnibus hearing was originally set for October 5, 1995. On October 2, defendant's counsel filed a motion to continue the hearing. Apparently, that motion was not received by the Justice Court prior to the omnibus hearing because, on October 23, the court issued a formal notice that defendant and his attorney failed to appear at the scheduled hearing and that this was "not acceptable practice." Nevertheless, the court rescheduled the omnibus hearing for November 2, 1995. At the defendant's request, however, the court postponed the hearing until December 7, 1995.

At the omnibus hearing on December 7, 1995, the defendant informed the court that he would be filing two pretrial motions: (1) to suppress the evidence of the blood alcohol test results; and (2) to challenge probable cause for his arrest. The court ordered that the motions be briefed and filed by December 20, with the State's response due January 5, 1996. The court set a trial date of March 26, 1996.

On December 19, 1995, the defendant filed a motion to suppress the blood alcohol

test results.  The State responded and the defendant failed to file a reply brief. The motion was denied by the Justice Court on February 5, 1996.

On March 7, 1996, the defendant filed a motion to dismiss the complaint on the ground that he was not brought to trial within six months. The motion was denied on March 21, 1996.  Thereafter, Fitzgerald pled guilty, while reserving his right to appeal the suppression and speedy trial issues.

On appeal to the District Court, Fitzgerald presented the same motions to suppress and dismiss for lack of speedy trial.  The District Court denied both motions on the briefs without a hearing.  Fitzgerald entered a guilty plea, reserving the right to appeal the legal issues raised.  The District Court sentenced Fitzgerald to sixty days in the Missoula county jail, with all but seven days suspended upon conditions.

ISSUE 1

Did the District Court err when it failed to dismiss for lack of speedy trial pursuant to 46-13-401(2), MCA?

Because the basis of the motion to dismiss for lack of speedy trial is based upon a legal interpretation made by the district court, we will review the court's legal conclusions as to whether the court was correct in its interpretation of the law. State v. Mantz (1994), 269 Mont. 135, 137, 887 P.2d 251, 253 (citing Doting v. Trunk (1993), 259 Mont. 343, 856 P.2d 536).

Fitzgerald argues that  46-13-401(2), MCA, mandates dismissal of this matter. Section 46-13-401(2), MCA, reads:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

Fitzgerald argues that his right to a speedy trial was violated because the Justice Court scheduled his trial more than six months after the entry of plea.  Furthermore, he contends that the State cannot show that good cause exists not to dismiss the motion.  On the other hand, the State argues that good cause to the contrary is shown, as two postponements are directly attributable to Fitzgerald.

This Court explained that  46-13-201(2) (since renumbered  46-13-401(2)), MCA, mandates the dismissal of a misdemeanor charge not brought to trial within six months only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay.  State v. Crane (1989), 240 Mont. 235, 238, 784 P.2d 901, 903.

In this case, Fitzgerald entered his plea of not guilty on August 29, 1995. The six-month period would have expired on February 29, 1996. After two continuances requested by defense counsel, the Justice Court held an omnibus hearing on December

7, 1995. At that time, the Justice Court set a trial date of March 26, 1996, which was beyond the six-month time limit. On March 7, 1996, Fitzgerald moved to dismiss the charge pursuant to 46-13-401(2), MCA, which was denied by the Justice Court.

Fitzgerald renewed his motion to dismiss for lack of a speedy trial on appeal to the District Court. The District Court denied Fitzgerald's motion, concluding that the scheduled trial date fit within the "good cause to the contrary" exception in the statute. The District Court concluded that the record clearly showed that the two postponements resulted from Fitzgerald's actions and requests. The District Court explained that, first, Fitzgerald and his counsel failed to notify the Justice Court prior to the omnibus hearing set on October 5, 1995, that they wished a continuance in this matter. That hearing was rescheduled due to their failure to appear. Second, at the rescheduled hearing on November 2, 1995, the defendant sought and was granted a continuance until December 7, 1995.

In support of its decision, the District Court cited State v. Crane (1989), 240 Mont. 235, 784 P.2d 901. In Crane, we held that dismissal of a misdemeanor charge was not mandated under the former version of 46-13-401(2), MCA, where the defendant's motion for continuance caused the trial to be delayed beyond the six-month limitation. Crane, 240 Mont. at 238, 784 P.2d at 903.

Fitzgerald asserts that Crane is not applicable to the facts in his case. Fitzgerald distinguishes the facts in Crane by stating that he never requested a postponement of the trial date, as Crane did, but only sought continuance with respect to the omnibus hearing. Fitzgerald suggests that this Court's decision in Crane should be limited to only those cases where a defendant specifically requests that a trial date be extended beyond the six-month period set forth in 46-13-401(2), MCA.

The State counters that the District Court was correct in taking into account Fitzgerald's actions in postponing the scheduling of the omnibus hearing in denying his motion to dismiss. The State points out that pretrial motions for continuance often necessitate delays in the trial itself. Also, the State argues that nothing in 46-13-401(2), MCA, or in this Court's holding in Crane, limits a district court's consideration of delay strictly to motions to continue the trial. The State contends that it is only proper that a district court take into account any delay occasioned by a defendant when considering whether to dismiss a misdemeanor charge. Otherwise, defendants could manipulate a court's calendar to delay the start of a trial.

We conclude the District Court correctly determined that dismissal of the charge against Fitzgerald was not mandated by 46-13-401(2), MCA. We hold that any

pretrial
motion for continuance filed by a defendant which has the incidental effect of delaying
the trial beyond the six month time limit could be said to "postpone trial" for purposes
of 46-13-401(2), MCA. In this instance, Fitzgerald sought or caused several postponements that necessitated the delay of the trial. The Justice Court accommodated
Fitzgerald by moving back the date of the omnibus hearing twice, from October 5 to
December 7. After these delays caused by Fitzgerald, the Justice Court cannot be
expected to alter its schedule to ensure that the misdemeanor charge is tried within six
months. A Justice Court must retain a measure of flexibility over scheduling to hear
cases on its docket. As such, we determine that the trial date of March 26, 1996, fell
within the "good cause to the contrary" exception of 46-13-401(2), MCA.

ISSUE 2

Did the District Court err when it failed to suppress Fitzgerald's blood alcohol content test results?

The standard of review for a district court's denial of a motion to suppress is whether the court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. State v. Flack (1993), 260 Mont. 181, 185-88, 860 P.2d 89, 92-94.

Fitzgerald contends that the blood alcohol content ("BAC") test result should be suppressed, as the Intoxilyzer machine used to test his breath was not tested within the time frame mandated by Rule 23.4.213, ARM. That rule states:

> (1) Breath analysis instruments shall be field certified for accuracy at least once every seven (7) days by a breath test specialist/senior operator, or in the event of a senior operator's absence, his/her authorized designee, using a solution of ethyl alcohol approved by the division of forensic science and using the field certification report form for the breath analysis instrument being certified.

Rule 23.4.213, ARM.

The field certification report form for the machine used to test Fitzgerald's BAC shows that the machine was tested on August 16, 1995, and again on August 23, 1995. Fitzgerald's BAC test was taken on August 22, 1995.

Fitzgerald argues that, since the August 16 test was performed at 8:47 a.m., and the August 23 test at 8:59 a.m., more than seven days had passed between the tests, due to the twelve minute discrepancy. Thus, he asserts that the Intoxilyzer machine was not certified "every seven days" as required by Rule 23.4.213, ARM. The State counters that this argument is wholly frivolous because the field certification reports show that the tests were routinely performed every seven calendar days.

Section 1-1-305, MCA, provides that "[f]ractions of a day are disregarded in computations which include more than 1 day and involve no questions of priority."

For most purposes, the law regards the day as an indivisible unit. Kelly v. Independent Publishing Co. (1912), 45 Mont. 127, 133, 122 P. 735, 736. Departure from this rule is allowed when it becomes necessary to inquire into the order or sequence of two or more events occurring on the same day to determine a question of priority or right, or when the computation includes only one day or less. Kelly, 45 Mont. at 133, 122 P. at 736.

Fitzgerald asserts that 1-1-305, MCA, does not apply when construing Rule 23.4.213, ARM. However, Fitzgerald is attempting to reduce a day into fractions for purposes of field certification. We conclude that neither the administrative rule nor the law supports Fitzgerald's argument, nor does this case fall within either of the exceptions provided for in the Kelly case.

This Court concludes that the District Court was correct in denying Fitzgerald's motion to suppress the results of his BAC test. We determine that the field certifications on August 16, 1995, and August 23, 1995, complied with the procedural safeguards of the administrative rule.

We affirm.


/S/   JIM REGNIER


We Concur:

/S/   J. A.  TURNAGE
/S/   KARLA M. GRAY
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART