No. 02-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 266

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

NICOLE BERTOLINO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Beaverhead, Cause No. DC 2001-2860,
Honorable Loren Tucker, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

        Roy W. Johnson, Attorney at Law, Billings, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Brenda Nordlund,
Assistant Attorney General, Helena, Montana

        Thomas R. Scott, County Attorney, Dillon, Montana

Submitted on Briefs:   November 26, 2002

Decided:   September 30, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Nicole Bertolino appeals her conviction and sentence for driving while under the influence entered in the Fifth Judicial District Court, Beaverhead County, on June 3, 2002. We reverse.

¶2    We restate the issues on appeal as follows:

¶3    1. Did the District Court err when it denied Bertolino's motion to dismiss for lack of a speedy trial in the Justice Court?

¶4    2. Did the District Court err when it did not grant Bertolino's motion to dismiss due to the Justice of the Peace's failure to recuse herself?

¶5    Because we reverse the District Court's denial of Bertolino's motion to dismiss, we do not address the second issue.

### Factual and Procedural Background

¶6    On December 31, 2000, Nicole Bertolino (Bertolino) was charged with misdemeanor DUI. On February 2, 2001, she entered a not-guilty plea and on March 21, 2001, an omnibus hearing was held. At the hearing, Justice of the Peace Joan A. Eliel set the trial date for July 13, 2001. Judge Eliel also ordered the production of evidence by April 20, 2001, and set a May 4, 2001, deadline for filing a "jury waiver" if Bertolino wanted to proceed with a nonjury trial. Bertolino filed nothing in response to these deadlines.

¶7    The State, on July 3, 2001, moved to vacate and reset the trial date because the Beaverhead County Attorney was obligated to be at a meeting in Helena on the day of the trial. The County Attorney had attempted to contact Bertolino's counsel on three separate

2

occasions to no avail. On July 10, 2001, Judge Eliel sent a letter to Bertolino's counsel advising him of the State's motion and requiring the jury waiver to be filed by July 13, 2001.

¶8 Although Bertolino never provided a jury waiver, a nonjury trial was held on August 29, 2001, before Justice of the Peace, Candy Hoerning. Bertolino, through her attorney, did not give an opening statement and did not present any evidence or testimony in support of her case. Instead, she presented the court with a Motion to Dismiss because Bertolino had not been brought to trial within six months of entering her plea on February 2, 2001, as required by § 46-13-401(2), MCA. The court denied the motion, indicating that any delay caused in the matter was due to Bertolino and her attorney. Bertolino appealed to the Fifth Judicial District Court, Beaverhead County, and on December 27, 2001, again filed a Motion to Dismiss pursuant to § 46-13-401(2), MCA. As further cause for dismissal, Bertolino asserted that Judge Hoerning improperly sat on the matter and should have recused herself because she had previously seen the prosecution's file for Bertolino's case when she was the secretary to the County Attorney, prior to being appointed as Justice of the Peace.

¶9 The District Court denied Bertolino's motion to dismiss on March 21, 2002, and on March 25, 2002, Bertolino waived her right to a jury trial. On May 23, 2002, Bertolino entered a guilty plea to driving under the influence. The District Court adopted the Justice Court's judgment and stayed its execution pending an appeal to this Court by Bertolino. Bertolino appeals.

3

**Standard of Review**

¶10    Whether Bertolino's right to a speedy trial has been violated is a question of law, and we will review the District Court's legal conclusions to determine whether the interpretation of law is correct. *State v. Chesarek*, 1998 MT 15, ¶ 9,  287 Mont. 215, ¶ 9, 953 P.2d 698, ¶ 9 (citing *State v. Keating* (1997), 285 Mont. 463, 471, 949 P.2d 251, 256; *State v. Foshee* (1997), 282 Mont. 326, 331, 938 P.2d 601, 604).

**Discussion**

¶11    *Did the District Court err when it denied Bertolino's motion to dismiss for lack of a speedy trial in the Justice Court?*

¶12    In denying Bertolino's motion to dismiss, the District Court reasoned that:

> Probably the State could have requested sanctions for failure to satisfy the Court order.  Probably the State in the future should address those issues at the time rather than allow speedy trial issues to develop.  However, it is not persuasive for Defendant to argue that she and counsel may ignore a Court order and then argue that the lapse of time involved in the State's wait for a response is chargeable to the State.

Bertolino contends that the District Court erred in so ruling because she did not ask for postponement of the trial, and the State has not shown good cause for the delay.

¶13    Under § 46-13-401(2), MCA,  "[a]fter the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months." This statute mandates dismissal of a misdemeanor charge if it is not brought to trial within six months, where the defendant has not asked for a postponement and where the State has not shown good cause for the

4

delay. *State v. Pollack*, 1998 MT 105, ¶ 11, 288 Mont. 436, ¶ 11, 958 P.2d 75, ¶ 11(citing *State v. Fitzgerald* (1997), 283 Mont. 162, 165, 940 P.2d 108, 110; *State v. Crane* (1989), 240 Mont. 235, 238, 784 P.2d 901, 902-03). The statute itself serves as the "sole standard of whether 'good cause' for the delay has been shown." *State v. Ronningen* (1984), 213 Mont. 358, 362, 691 P.2d 1348, 1350.

¶14 The record reflects that Bertolino never asked for a postponement of the trial. However, the State argues that good cause for the delay is found in Bertolino's lack of compliance with court orders, including her failure to file a waiver of a jury trial by the correct deadline two different times, and failure to comply with discovery requests. The State contends that this Court has previously treated a defendant's affirmative procedural delay, such as a motion for continuance, as falling under the statute's good cause exception. *State v. Fitzgerald* (1997), 283 Mont. 162, 166-67, 940 P.2d 108, 111. Although conceding that Bertolino's actions did not constitute affirmative procedural delay, the State asserts that Bertolino's failure to comply with the orders was nonetheless a passive disregard for court-ordered deadlines and, as such, falls into the good cause exception.

¶15 As the District Court suggested, the State could have, and should have, requested sanctions for Bertolino's failure to answer the court orders. However, the record reveals no connection between Bertolino's failure to respond to the orders and the failure to bring the case to trial within six months. The State's request to continue the trial set for July 13, 2001, did not reference Bertolino's failure to comply with court orders, or that her failure necessitated a continuance of the trial, which, when granted, delayed the trial beyond the six

5

month statutory period. Further, we note that the State does not offer an argument that because the County Attorney was called out of town for a meeting and could not conduct the trial when scheduled, good cause was established. Instead, it only points a finger at Bertolino in an effort to blame her for the failure to try the case in a timely manner.

¶16 Under these circumstances, we conclude that the State failed to demonstrate good cause for the delay, and Bertolino's motion to dismiss should have been granted. Accordingly, the judgment of the District Court is reversed, and the charge against Bertolino is dismissed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART