JUSTICE WHEAT
dissents.
¶24 In my view, this Court is wrong to affirm the District Court’s denial of Luke’s motion to dismiss because the Justice Court did not grant Luke a trial within six months, as required by statute. Section 46-13-401(2), MCA, requires dismissal of a misdemeanor charge *406 against a defendant if, after the entry of a plea, the defendant is not brought to trial within six months, the State fails to show good cause for the delay, and the delay is not caused by the defendant’s own motion. As we observed in State v. Bertolino, 2003 MT 266, ¶ 13, 317 Mont. 453, 77 P.3d 543, “[t]he statute itself serves as the sole standard of whether good cause for the delay has been shown.” (Internal citation and quotation omitted.) In Bertolino, we concluded that Bertolino’s “passive disregard for court-ordered deadlines” was not “good cause” for a delay beyond the six-month deadline. Bertolino, ¶¶ 14-16.
¶25 The majority’s opinion relies on the need for flexibility in scheduling we emphasized in State v. Fitzgerald, 283 Mont. 162, 940 P.2d 108 (1997). In Fitzgerald, a criminal defendant moved to dismiss pursuant to § 46-13-401(2), MCA, even though the delay to his trial was caused by his motions for continuances of his omnibus hearing date. Fitzgerald, 283 Mont. at 166-67, 940 P.2d at 110-11. We held that “the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months” where the defendant’s own motion is the reason for the delay. Fitzgerald, 283 Mont. at 167, 940 P.2d at 111. Instead, we observed that “[a] Justice Court must retain a measure of flexibility over scheduling to hear cases on its docket.” Fitzgerald, 283 Mont. at 167, 940 P.2d at 111. In contrast, here, Luke did not file any motions or continuances that caused the delay.
¶26 The facts of this case are more like those in Bertolino. There, Bertolino and her counsel failed to respond to several court-ordered deadlines, including a deadline to file a waiver of her right to a jury trial. Bertolino, ¶¶ 6-8. The court reset the trial upon the State’s motion because the County Attorney had to appear in Helena on the day set for the trial. Bertolino, ¶ 7. The court scheduled a non-jury trial, but not within the six months required by statute. Bertolino, ¶ 8. At the bench trial, Bertolino filed a motion to dismiss because her case had not been brought to trial within six months of the entry of her plea. Bertolino, ¶ 8. This Court explained there was no connection between the delay to the trial date and Bertolino’s failure to comply with the court orders. Bertolino, ¶ 15. The State, instead of offering an argument that good cause was established because the County Attorney was not available for trial, simply pointed a finger at Bertolino “in an effort to blame her for the failure to try the case in a timely manner.” Bertolino, ¶ 15. Since the State failed to demonstrate good cause for the delay, we held that Bertolino’s motion to dismiss should have been granted. Bertolino, ¶ 16.
*407 ¶27 The State’s attempt to point to Luke’s failure to appear at the pretrial conference as the reason for the delay is an effort to hide the ball that mirrors the argument we rejected in Bertolino. The State blames Luke for its failure to try the case in a timely manner, even though the delay to the trial was not-by the majority’s own admission-caused by any motion of Luke’s. Our decision in Bertolino serves to illustrate that where the State wishes to show good cause for exceeding the six-month limit, it must explain why its actions resulted in that administrative failure. See Bertolino, ¶ 15. It may not point to the defendant’s actions where the delay has not been caused by some motion or continuance filed by the defendant-the language of the statute forecloses such an argument. See § 46-13-401(2), MCA (providing an exception to the six month limit where trial has been postponed upon the defendant’s motion); Fitzgerald, 283 Mont, at 166-67, 940 P.2d at 111 (providing that any pretrial motion with the incidental effect of delaying the trial can be said to “postpone trial” for the purposes of § 46-13-401(2), MCA).
¶28 Rather, the State has the burden of showing good cause for the delay sufficient to alleviate its statutory obligation to bring the case to trial within six months. The State has not done so. The record does not reveal why the State failed to bring the case to trial within six months. The court’s routine scheduling practices do not amount to a “legally sufficient reason,” Roan, ¶ 13, for failing to comply with the statute. Similarly to Bertolino, where the County Attorney’s absence caused the delay to Bertolino’s trial, Luke’s trial date appears to have been delayed solely based on the court’s scheduling practices. Although “the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months” where the defendant’s own motion is the reason for the delay, Fitzgerald, 283 Mont, at 167, 940 P.2d at 111, the court’s convenience does not supersede the State’s obligation to comply with the statute where compliance is possible. The State has provided no reason why the court could not simply have conducted a bench trial during the time scheduled for a jury trial.
¶29 The majority’s opinion does an excellent job explaining the reasons for the scheduling rules. Those reasons, however, are not part of the record and were not set forth in the State’s brief. We review the record before us.
¶30 Nor should we accept the State’s broad argument that the Justice Court’s need for “flexibility over scheduling,” Fitzgerald, 283 Mont, at 167, 940 P.2d at 111, justifies the State’s failure to comply with the *408 statute. To do so would transform the statutory requirement that misdemeanor cases be brought to trial within six months into a loose guideline subject to the Justice Court’s discretion. Such a result would defy the plain language and intent of § 46-13-401(2), MCA.
¶31 The State has not shown good cause for its failure to bring Luke to trial within the period specified by the statute. I cannot join in the majority’s opinion that the District Court correctly resolved this matter. I would reverse the District Court’s determination and grant Luke’s motion to dismiss.