# CITY OF HELENA,
## Plaintiff and Appellee,
### v.
# TASH MALLOY BROADWATER,
## Defendant and Appellant.

No. DA 13-0414.
Submitted on Briefs June 25, 2014.
Decided July 15, 2014.
2014 MT 185.
375 Mont. 450.
329 P.3d 589.

For Appellant: **Wade Zolynski**, Chief Appellate Defender, **Jonathan King**, Counsel of Record, Office of the Appellate Defender, Helena.

For Appellee: **Timothy C. Fox**, Montana Attorney General, **Katie F. Schulz**, Assistant Attorney General, Helena; **Jeffrey M. Hindoien**, Helena City Attorney, Helena.

JUSTICE COTTER delivered the Opinion of the Court.

¶1 In July 2011, Tash Broadwater was charged in Helena, Montana, with misdemeanor driving under the influence of alcohol (DUI) and disorderly conduct. He requested a municipal court jury trial. His scheduled trial was postponed based upon an older case being set for trial on the same day. Before the date of his rescheduled trial, Broadwater moved to dismiss the case for lack of a speedy trial. The municipal court granted the motion. The City of Helena appealed to the First Judicial District Court, Lewis and Clark County, and the District Court reversed the municipal court's order. On remand, Broadwater was convicted in municipal court of DUI and acquitted of disorderly conduct. Broadwater appeals the District Court ruling reversing the municipal court's dismissal of the charges. We reverse the District Court and remand for entry of judgment in favor of Broadwater.

## ISSUE

¶2 A restatement of the issue is whether the City of Helena met its burden under § 46-13-401(2), MCA, to show good cause for not bringing Broadwater to trial within six months.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 28, 2011, Broadwater was charged with DUI and disorderly conduct. On August 1, he appeared in the Helena Municipal Court and entered a plea of not guilty. At the omnibus hearing held on September 7, 2011, Broadwater requested a jury trial. The court set the trial for January 10, 2012. At the jury confirmation hearing on December 28, 2011, the municipal court notified Broadwater that his trial may not occur on January 10 because there were other cases on the court's calendar set for that day and the court heard cases in chronological order. In early January, the court informed Broadwater that his trial was rescheduled for February 14, 2012, because an older case had been set for trial on January 10. The February 14 trial date exceeded the statutory six-month period for conducting misdemeanor trials by 12 days. Section 46-13-401(2), MCA.

¶4 On January 31, 2012, Broadwater moved to have his case dismissed on the ground that the City failed to provide him with a speedy trial. On May 11, 2012, the municipal court granted Broadwater's motion to dismiss the charges holding that a "crowded" court calendar constituted "institutional delay" and was not justification for failing to provide Broadwater with a timely trial.

¶5 On May 18, 2012, the City of Helena filed a notice of appeal in the First Judicial District Court, arguing that the municipal court did not conduct a proper "speedy trial" analysis. The City noted that under § 46-13-401(2), MCA, and established case law, misdemeanor charges against a defendant should be dismissed if the defendant's trial is not conducted within six months of the defendant's plea. As a predicate to dismissal, it must be demonstrated that the defendant did not request a postponement of the trial, and that the State has not shown good cause for the delay. The City acknowledged that Broadwater did not request a postponement. It asserted, however, that the municipal court did not conduct a "good cause" analysis; rather, it summarily concluded that "good cause" did not exist.

¶6 On August 2, 2012, the District Court issued its Decision and Order in which it held that the City had shown good cause for the institutional delay. The District Court observed that based upon the municipal court's practice of scheduling backlogged cases in chronological order, the City "had no opportunity to assure a trial within the six-month period." In response to Broadwater's claim of prejudice, the District Court determined that the delay of 12 or 13 days beyond the statutory six-month speedy trial requirement was unlikely to impair witness memories. The case was remanded to municipal court and on September 6, 2012, Broadwater was found guilty of DUI and acquitted of disorderly conduct.

¶7 Broadwater appeals the District Court's order reversing the municipal court's dismissal of the charges.

## STANDARD OF REVIEW

¶8 On appeal from a municipal court, the district court acts as an intermediate appellate court. When reviewing the decision of the district court in such an appeal, we review the case as if the appeal had originally been filed in this Court, applying the appropriate standard of review. *City of Billings v. Nelson*, 2014 MT 98, ¶ 15, 374 Mont. 444, 322 P.3d 1039 (citing *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461). In its appellate capacity, the district court is confined to review of the record and questions of law. Section 3-6-110, MCA. It does not issue factual findings or make discretionary trial rulings. *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70.

¶9 Whether the right to a speedy trial has been violated is a question of law and we review the trial court's legal conclusions to determine whether the court's interpretation is correct. *Luke*, ¶ 10; *City of Helena v. Roan*, 2010 MT 29, ¶ 7, 355 Mont. 172, 226 P.3d 601 (internal

citations omitted).

## DISCUSSION

¶10 *Did the City of Helena meet its burden under § 46-13-401(2), MCA, to show good cause for not bringing Broadwater to trial within six months?*

¶11 The applicable statute in this case, § 46-13-401(2), MCA, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

¶12 Broadwater maintains on appeal that the City was obligated by this statute to bring him to trial by February 2, 2012, or provide "good cause" why it could not. Broadwater argues that the City merely asserted that the court's docket was crowded but failed to show how or why the crowded docket made it impossible to conduct his trial within the six-month timeframe. He notes that while the court could not conduct his trial on January 10, 2012, because of a conflict, 23 additional days remained to try him before the February 2 speedy trial deadline. He further submits that a crowded docket, on its own, should not be considered "good cause" because that "would essentially render the [speedy trial] statute ... meaningless."

¶13 The State argues that the District Court correctly overturned the municipal court ruling because the municipal court did not apply the appropriate standard for reviewing misdemeanor speedy trial issues. The State asserts that the District Court properly interpreted and applied § 46-13-401(2), MCA, and urges us to look at the totality of the circumstances in determining whether legally sufficient reasons, *i.e.*, "good cause," were presented for delaying Broadwater's trial.

¶14 While both parties present elements of a constitutional argument to the Court, we do not apply a constitutional analysis for speedy trial in misdemeanor cases because Montana's statutory speedy-trial protections regarding misdemeanors are "more strict than [our] constitutional analysis." *State v. Case*, 2013 MT 192, ¶¶ 5-6, 371 Mont. 58, 305 P.3d 812. "The statute itself serves as the sole standard of whether 'good cause' for the delay has been shown." *State v. Martz*, 2008 MT 382, ¶ 30, 347 Mont. 47, 196 P.3d 1239.

¶15 In *Roan*, we defined "good cause" in the context of the misdemeanor speedy trial statute:

> Good cause is generally defined as a "legally sufficient reason"

and referred to as "the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused." ... Good cause will necessarily depend upon the totality of the facts and circumstances of a particular case.

*Roan*, ¶ 13 (internal citations omitted).

¶16 Roan was cited for misdemeanor reckless driving. He entered a plea of not guilty and a bench trial was scheduled. Two weeks before the trial date, Roan requested a jury trial which was scheduled to take place just prior to the expiration of the six-month speedy trial deadline. The City of Helena subsequently requested a continuance because one of its two witnesses was unavailable due to a medical condition. The trial was rescheduled for a date beyond the speedy trial deadline. Roan filed a motion to dismiss and the City Court denied it. Roan appealed to the district court which affirmed the City Court. We also affirmed holding that witness unavailability in such circumstances constituted "good cause." *Roan*, ¶¶ 2 and 4-6.

¶17 Conversely, in *State v. Ronningen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350-51 (1984), we held that the State failed to demonstrate good cause when it took no action to prosecute the defendant when the presiding district court judge retired, and the docket was rescheduled. Similarly, in *State v. Bertolino*, 2003 MT 266, ¶¶ 12-16, 317 Mont. 453, 77 P.3d 543, we held the State failed to demonstrate good cause for delaying the defendant's trial beyond the six-month time when it blamed the delay on the defendant's failure to comply with court orders but failed to request sanctions for the defendant's actions.

¶18 In the case before us, the City's exclusive "good cause" argument is that the municipal court's docket was crowded. While the City cites numerous statistics relating to the number of trials, jury confirmation and omnibus hearings the municipal court conducts per week, it does not assert that—in the face of a crowded docket—it made any attempts to try Broadwater in a timely manner. There is nothing in the record or any supporting affidavit that, upon notice on December 28, 2011, of the possibility that Broadwater's trial would not occur on January 10, the City raised the "speedy trial" issue with the court or actively sought an alternate trial date or trial judge so as to allow the trial to take place before February 2. Likewise, the record is devoid of any indication that, upon firm notice in early January that the trial would not take place, the City undertook any attempt to identify a date and time for the trial during the remaining 23 days. The City presents no evidence of any actions it took in an attempt to ensure that Broadwater's trial would be held in a timely manner. As in *Ronningen*

and *Bertolino*, the City's failure to make some effort to schedule a timely trial results in the City's failure to meet its burden of showing "good cause" for the delay.

¶19 ▮ We are not saying a crowded court docket will never constitute "good cause" under a speedy trial analysis in a misdemeanor case. Had the City established by affidavit or otherwise that it attempted to reschedule the trial in a timely manner within the days remaining before the speedy trial calendar expired but the docket made this an impossibility, the result here may well have been different. We fully recognize that the municipal court docket is crowded; unfortunately, this has been the norm for a long time. Were we to hold here that the assertion of a crowded docket, without more, is sufficient to establish good cause for delaying a misdemeanor trial beyond six months, the exception would swallow the rule and § 46-13-401(2), MCA, would be rendered meaningless. We therefore hold that in order to establish good cause for delaying a trial beyond six months due to a crowded docket, the City must demonstrate, by affidavit or otherwise, that it affirmatively attempted to provide the defendant with a trial within six months but that the status of the docket rendered it impossible to do so.

## CONCLUSION

¶20 For the foregoing reasons, we reverse the District Court's ruling reversing the order of the municipal court. We remand with instructions to reinstate the municipal court order dismissing the charges against Broadwater.

CHIEF JUSTICE McGRATH, JUSTICES BAKER, McKINNON and RICE concur.