FILED

September 18 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0565

DA 13-0565

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 279

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

LOUIS THOMPSON,

> Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 12-309A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:
>
> > Wade Zolynski, Chief Appellate Defender, Chad R. Vanisko, Assistant
> > Appellate Defender, Helena, Montana
>
> For Appellee:
>
> > Timothy C. Fox, Montana Attorney General, Michael S. Wellenstein,
> > Assistant Attorney General, Helena, Montana
> >
> > Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  August 12, 2015
Decided:  September 18, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Louis Thompson appeals from an order of the Eleventh Judicial District Court, Flathead County, affirming the Justice Court's denial of Thompson's motion to dismiss. In 2011, the State charged Thompson with driving under the influence of alcohol or drugs. Thompson filed a motion to dismiss in Justice Court under § 46-13-401(2), MCA, on the basis that he had not been brought to trial within six months of entering his not-guilty plea. The Justice Court denied the motion, and the District Court affirmed, both concluding that good cause existed to hold Thompson's trial past the six-month deadline provided in § 46-13-401(2), MCA. On appeal to this Court, Thompson seemingly concedes that pursuant to our decision in *State v. Luke*, 2014 MT 22, 373 Mont. 398, 321 P.3d 70, the Justice Court correctly denied his motion to dismiss. However, Thompson requests that we overrule *Luke*. We decline to do so. We affirm the decisions of the Justice Court and District Court.

¶2     We address the following issue on appeal: whether good cause existed for the Justice Court to conduct Thompson's trial past the six-month deadline provided in § 46-13-401(2), MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On October 11, 2011, the State charged Thompson with driving under the influence of alcohol or drugs (DUI). On the same day, Thompson appeared in Justice Court and pled not guilty. Thompson's acknowledgment of rights upon his plea of not guilty provided, in part: "I understand that I am required to attend an omnibus hearing

2

and pretrial conference. I understand that if I fail to attend either the omnibus hearing or the pretrial conference that I will have waived my right to a jury trial."

¶4 The Justice Court conducted an omnibus hearing on December 27, 2011. Thompson and his counsel appeared in person. The omnibus order, which Thompson and his counsel both signed, stated that "if either party requests a jury trial, the court will send the parties notice of the jury trial date and will set a pretrial conference a week before trial." The order further provided that the party requesting a jury trial shall "[a]ppear and confirm the party's intention to proceed to trial by jury." The order concluded with the following warning:

> If the party requesting a jury trial either fails to appear at the pretrial conference and to confirm the party's intention to proceed to trial by jury or fails to file and serve proposed jury instructions and verdict form at or before the pretrial conference, the party shall be deemed to have waived the party's right to trial by jury and the jury trial shall be vacated and the case re-set by the Court for a bench trial at the next available time.

Thompson requested a jury trial.

¶5 On December 29, 2011, the Justice Court notified Thompson that a jury trial would be held on March 22, 2012 and that the pretrial conference would be held on March 16, 2012. The notice of the pretrial conference stated: "The court hereby orders the personal attendance of the defendant at this hearing." Like the omnibus order, the notice warned Thompson that if he failed to appear at the pretrial conference and confirm his intention to proceed to trial by jury, he shall be deemed to have waived his right to trial by jury and the "jury trial shall be vacated and the case re-set by the Court for a bench trial at the next available time."

3

¶6 Thompson's counsel appeared at the March 16, 2012 pretrial conference, but Thompson did not appear. As a result of Thompson's failure to appear at the conference, the Justice Court vacated the March 22, 2012 jury trial and reset the case for a bench trial on April 30, 2012.[1]

¶7 On May 1, 2012, Thompson filed a motion to dismiss the case on the basis that trial was being held beyond the six-month deadline imposed by § 46-13-401(2), MCA. The Justice Court denied Thompson's motion, concluding that there was good cause for the delay. The court found that if Thompson had appeared at the pretrial conference, the scheduled March 22, 2012 jury trial would have occurred and Thompson would have been brought to trial within six months after pleading not guilty. The court found that Thompson's "vacating of the jury trial is what necessitated finding additional time or other time on the court's calendar aside from Thursdays . . . which is the day reserved for jury trials in this court and the next time available on the court's calendar for a one-hour bench trial . . . was April 30, 2012." After the court denied Thompson's motion, he pled guilty to DUI and the court sentenced him to a six-month sentence, with all but 24 hours suspended. Thompson reserved his right to appeal the denial of his motion to dismiss for lack of a speedy trial.

¶8 Thompson appealed his conviction to the District Court, which affirmed the denial of his motion to dismiss. The District Court reasoned that the delay in the trial was attributable to Thompson, because there was a direct connection between Thompson's

---

[1] The bench trial was later continued to accommodate a material witness. Thompson does not contend that the Justice Court improperly continued the bench trial beyond the April 30, 2012, date.

failure to appear at the pretrial conference and the delay in his trial. The court noted that Thompson had been clearly advised that if he failed to appear at the pretrial conference, his jury trial would be vacated and a bench trial would be rescheduled for the Justice Court's next available date. The District Court concluded that good cause existed to justify the delay in Thompson's trial.

¶9     Thompson appeals.

## STANDARD OF REVIEW

¶10     Whether the right to a speedy trial under § 46-13-401(2), MCA, has been violated is a question of law, which we review for correctness. *Luke*, ¶ 10.

## DISCUSSION

¶11     *Whether good cause existed for the Justice Court to conduct Thompson's trial past the six-month deadline provided in § 46-13-401(2), MCA.*

¶12     Section 46-13-401(2), MCA, provides that "[a]fter the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months." The statute itself serves as the "sole standard of whether 'good cause' for the delay has been shown." *State v. Bertolino*, 2003 MT 266, ¶ 13, 317 Mont. 453, 77 P.3d 543 (citing *State v. Ronningen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984)). "Good cause necessarily depends on the totality of the facts and circumstances of the particular case." *Luke*, ¶ 15.

¶13    In *Luke,* we held, under facts that are indistinguishable from the case at bar, that the justice court had good cause for conducting the defendant's trial beyond the six-month deadline provided in § 46-13-401(2), MCA. *Luke,* ¶ 22. In that case, the State charged Luke with five misdemeanor offenses in Flathead County Justice Court.[2] *Luke,* ¶ 3. Luke indicated his desire to be tried by a jury and the court warned him that if he failed to personally appear at the pretrial conference his jury trial would be vacated and a bench trial would be scheduled. *Luke,* ¶ 4. Like Thompson, Luke failed to appear at the conference. *Luke,* ¶ 5. As a result, the justice court vacated his jury trial and scheduled a bench trial at the next available date on the court's calendar, which was eight days past the six-month deadline. *Luke,* ¶ 6. On the day of the bench trial, Luke moved to dismiss his case on speedy trial grounds, arguing that trial was being held beyond the deadline imposed by § 46-13-401(2), MCA. *Luke,* ¶ 6. The justice court denied the motion, reasoning that good cause existed to hold the trial past the deadline, based on Luke's failure to appear at the pretrial conference, which necessitated delay. *Luke,* ¶ 7.

¶14    On appeal to this Court, Luke asserted that his failure to attend the "pretrial conference did not disrupt the Justice Court's schedule," and posited that with the jury trial already scheduled the court "should have simply converted" the jury trial date into a bench trial date and heard evidence that day. *Luke,* ¶ 18. We affirmed the justice court. We explained that a justice court "must retain a measure of flexibility over scheduling to hear cases on its docket." *Luke,* ¶ 19 (quoting *State v. Fitzgerald,* 283 Mont. 162, 167, 940 P.2d 108, 111 (1997)). We rejected the rule proposed by Luke that would have

---

[2] The justice court in *Luke* was the same justice court in this case.

6

required a court to convert a scheduled jury trial into a bench trial when the defendant has waived his right to a jury trial by failing to appear at a mandatory pretrial conference. *Luke*, ¶ 19. We reasoned:

> In this State, we do not have juries available on standby for one defendant, waiting to see whether that defendant will plead guilty, request a continuance, or request a bench trial. Trial courts, therefore, must maximize the presence of a jury panel by setting several trials on the day for which it has issued juror summonses. . . . [T]his is, in fact, the only way in which Montana trial courts can assure defendants that they will receive the jury trial to which each of them is entitled.

*Luke*, ¶ 19. Luke also relied heavily on *State v. Bertolino*, 2003 MT 266, 317 Mont. 453, 77 P.3d 543, in which we held that Bertolino's passive disregard for court-ordered deadlines did not constitute good cause for delaying her trial beyond the six-month time limit. *Bertolino*, ¶ 15. We distinguished *Bertolino* by explaining that "[u]nlike *Bertolino*, where there was no indication that Bertolino's failure to comply with court orders necessitated a continuance of the trial, there is a clear and direct connection between Luke's failure to appear punctually for the pretrial conference and his trial date[] being rescheduled" beyond the six-month deadline. *Luke*, ¶ 17.

¶15 Here, in arguing the State failed to establish good cause for the delay in his case, Thompson concedes that *Luke* is factually indistinguishable, but contends that *Luke* should be revisited. To support his contention, Thompson reiterates Luke's former arguments. He argues that his absence from the court-ordered pretrial conference "was a mere technicality," posits that the court should have simply "conducted a bench trial during the time scheduled for a jury trial," and relies heavily on *Bertolino*. Additionally,

Thompson relies on this Court's recent decision in *City of Helena v. Broadwater*, 2014 MT 185, 375 Mont. 450, 329 P.3d 589, and argues it also supports reversal of *Luke*.

¶16 We have explained that under the doctrine of stare decisis "principles of law should be positively and definitely settled in order that courts, lawyers, and, above all, citizens may have some assurance that important legal principles involving their highest interests shall not be changed from day to day, with the resultant disorders that of necessity must accrue from such changes." *Certain v. Tonn*, 2009 MT 330, ¶ 19, 353 Mont. 21, 220 P.3d 384 (quoting *St. ex rel. Sparling v. Hitsman*, 99 Mont. 521, 525, 44 P.2d 747, 749 (1935)) (internal brackets omitted). While stare decisis is not a rigid doctrine that "forecloses the reexamination of cases when necessary, 'weighty considerations underlie the principle that courts should not lightly overrule past decisions.'" *Certain*, ¶ 19 (quoting *Allstate Ins. Co. v. Wagner-Ellsworth*, 2008 MT 240, ¶ 39, 344 Mont. 445, 188 P.3d 1042).

¶17 We decline to revisit *Luke* as we continue to find our reasoning there persuasive. We again reject the adoption of a rule that would require a court to convert a scheduled jury trial into a bench trial to accommodate the defendant's right to be brought to trial within six months when the defendant has waived his right to a jury trial by failing to appear at a court-ordered pretrial conference. *Luke*, ¶ 19. A court "must retain a measure of flexibility over scheduling to hear cases on its docket." *Luke*, ¶ 19 (quoting *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111). As we explained in *Luke*, we do not have juries available on standby in Montana, and thus trial courts "must maximize the presence of a jury panel" by holding jury trials on the day for which they have issued juror

8

summonses. *Luke*, ¶ 19. This is "the only way in which Montana trial courts can assure defendants that they will receive the jury trial to which each of them is entitled." *Luke*, ¶ 19.

¶18 We also find Thompson's reliance on *Broadwater* to be misplaced. In *Broadwater*, we held that the City failed to establish good cause for delaying Broadwater's trial beyond the six-month time limit. *Broadwater*, ¶ 19. There, the City's exclusive "good cause" argument for the delay was that the municipal court's docket was crowded. *Broadwater*, ¶ 18. In rejecting the City's argument, we explained that the City presented "no evidence of any actions it took in an attempt to ensure that Broadwater's trial would be held in a timely manner." *Broadwater*, ¶ 18. *Broadwater* is distinguishable from the instant case in the same way that we concluded in *Luke* that *Bertolino* was factually distinguishable from that case. Unlike in *Broadwater* and *Bertolino*, where there was no connection between the defendant's conduct and a delay in the trial, here the delay, as in *Luke*, is directly attributable to the defendant. There existed a "clear and direct connection" between Thompson's failure to appear at the conference and the delay in his trial. *Luke*, ¶ 17. The Justice Court provided Thompson with a jury date within the six-month statutory period and had Thompson appeared at the court-ordered pretrial conference he would have received a trial within that period. Thompson's failure to appear at the court-ordered pretrial conference directly caused his trial to be continued past the six-month deadline provided in § 46-13-401(2), MCA.

¶19 The Justice Court "was not required to convert the jury trial into a bench trial in order to accommodate [Thompson's] speedy trial right when he had failed to comply

9

with the court's order requiring him to appear at the pretrial conference." *Luke*, ¶ 19. Thompson's "notice of the pretrial conference, his notice of the consequences of not appearing personally at the conference, his unexcused absence from the conference, and the Justice Court's prompt rescheduling of his trial constituted, together, good cause for holding his trial" past the six-month deadline. *Luke*, ¶ 20

¶20 We conclude the Justice Court did not err in denying Thompson's motion to dismiss. We accordingly hold the District Court did not err in affirming the Justice Court's decision.

¶21 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

Justice Michael E Wheat, dissenting.

¶22 My dissent in this case conforms to my dissent in *State v. Luke*, 2014 MT 22, ¶¶ 24-31, 373 Mont. 398, 321 P.3d 70. I conclude once again, under *Bertolino*, that a defendant's passive mistakes or omissions do not constitute "good cause" for purposes of avoiding dismissal. *State v. Bertolino*, 2003 MT 266, ¶¶ 14-16, 317 Mont. 453, 77 P.3d 543. Section 46-13-401(2), MCA, *requires* dismissal of a misdemeanor charge against a defendant if, after the entry of a plea, the defendant is not brought to trial within

six months, the State fails to show good cause for the delay, and trial has not been delayed by any motion of the defendant. Thompson's failure to personally appear at the pre-trial hearing in this case is a technicality that did not delay process and, in my opinion, does not meet the standard for "good cause" because the delay was not "[a postponement] upon the defendant's motion. . .". Section 46-13-401(2), MCA.

¶23 Under *Bertolino*, the State has the burden of showing good cause for delay to overcome its statutory obligation to bring the case to trial in six months. The State cannot point to any motion or action taken by Thompson that delayed the trial date in this case; it only points to Thompson's failure to attend a hearing where his attorney was present. By contrast, I note that this case is not similar to *Fitzgerald* where we found "good cause" because Fitzgerald's motions and conduct clearly delayed the proceedings beyond the six-month deadline. Here, unlike *Fitzgerald*, there is no evidence in the record showing similar conduct that is evidence of good cause. In my view, the State has not met its burden of showing good cause for the delay sufficient to alleviate its statutory obligation to bring the case to trial within six months.

¶24 Thompson and Luke both fall within a no man's land between the clearly set out rules in *Bertolino* and *Fitzgerald*. This situation is created by a justice court rule that the State uses to the disadvantage of the defendants. Thompson and Luke both violated a justice court requirement for personal appearance at the pre-trial conference that waived their right to trial by jury, even though they were represented by counsel at the hearing. While I respect the Justice Court's significant workload and need for economy in docket management, I do not believe it is proper to take away a defendant's right to a jury trial

11

based upon the failure of "personal appearance" at a pre-trial hearing when the defendant's attorney is present and can make final trial preparations. Further, the State should not be using this technicality to its advantage to deprive defendants of a jury trial and to further delay their trials beyond the six-month deadline.

¶25 The State has not shown "good cause" for its failure to bring Thompson to trial within the period specified by the statute. I cannot join in the majority's opinion that the District Court correctly resolved this matter. I would reverse the District Court's determination and grant Thompson's motion to dismiss.

/S/ MICHAEL E WHEAT