JUSTICE WHEAT,
dissenting.
¶22 My dissent in this case conforms to my dissent in State v. Luke, 2014 MT 22, ¶¶ 24-31, 373 Mont. 398, 321 P.3d 70. I conclude once again, under Bertolino, that a defendant’s passive mistakes or omissions do not constitute “good cause” for purposes of avoiding dismissal. State v. Bertolino, 2003 MT 266, ¶¶ 14-16, 317 Mont. 453, 77 P.3d 543. Section 46-13-401(2), MCA, requires dismissal of a misdemeanor charge against a defendant if, after the entry of a plea, the defendant is not brought to trial within six months, the State fails to show good cause for the delay, and trial has not been delayed by any motion of the defendant. Thompson’s failure to personally appear at the pre-trial hearing in this case is a technicality that did not delay process and, in my opinion, does not meet the standard for “good cause” because the delay was not “[a postponement] upon the defendant’s motion....” Section 46-13-401(2), MCA.
¶23 Under Bertolino, the State has the burden of showing good cause *163 for delay to overcome its statutory obligation to bring the case to trial in six months. The State cannot point to any motion or action taken by Thompson that delayed the trial date in this case; it only points to Thompson’s failure to attend a hearing where his attorney was present. By contrast, I note that this case is not similar to Fitzgerald where we found “good cause” because Fitzgerald’s motions and conduct clearly delayed the proceedings beyond the six-month deadline. Here, unlike Fitzgerald, there is no evidence in the record showing similar conduct that is evidence of good cause. In my view, the State has not met its burden of showing good cause for the delay sufficient to alleviate its statutory obligation to bring the case to trial within six months.
¶24 Thompson and Luke both fall within a no man’s land between the clearly set out rules in Bertolino and Fitzgerald. This situation is created by a justice court rule that the State uses to the disadvantage of the defendants. Thompson and Luke both violated a justice court requirement for personal appearance at the pre-trial conference that waived their right to trial by jury, even though they were represented by counsel at the hearing. While I respect the Justice Court’s significant workload and need for economy in docket management, I do not believe it is proper to take away a defendant’s right to a jury trial based upon the failure of “personal appearance” at a pre-trial hearing when the defendant’s attorney is present and can make final trial preparations. Further, the State should not be using this technicality to its advantage to deprive defendants of a jury trial and to further delay their trials beyond the six-month deadline.
¶25 The State has not shown “good cause” for its failure to bring Thompson to trial within the period specified by the statute. I cannot join in the majority’s opinion that the District Court correctly resolved this matter. I would reverse the District Court’s determination and grant Thompson’s motion to dismiss.