DA 10-0384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 94

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TSCHIDA BROWN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC-09-63
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Sarah Chase Rosario y Naber,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, Sheri K Sprigg, Assistant
Attorney General, Helena, Montana

            Wyatt Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  April 6, 2011

Decided:  May 4, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Tschida Brown appeals her misdemeanor convictions on the grounds her counsel provided ineffective assistance. Brown argues her trial counsel's performance in Justice Court was ineffective based on the following three complaints: (1) counsel failed to file a motion to dismiss on speedy trial grounds after a mistrial in Justice Court; (2) counsel failed to file a motion to suppress all evidence obtained after an unlawful traffic stop; and (3) counsel unnecessarily, and to Brown's detriment, procured and filed a waiver of the right to a speedy trial in the earlier Justice Court proceeding. Because we resolve the case on the grounds raised in Brown's first complaint, we do not reach the other two claims of ineffective assistance. We remand with instructions to dismiss the charges against Brown and vacate her conviction.

## ISSUE

¶2 A restatement of the dispositive issue on appeal is:

¶3 Did Brown receive ineffective assistance when her counsel failed to file a motion to dismiss on grounds that Brown did not receive a speedy trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Near midnight on August 23, 2008, Brown was driving her vehicle on Highway 12 after leaving an outdoor concert at the fairgrounds near Miles City. Montana Highway Patrol Officer Muri initiated a traffic stop after observing that Brown's left headlight was out. Subsequently, Muri cited Brown with three misdemeanor citations: driving while the privilege to do so was suspended, failing to carry proof of insurance, and driving under the influence.

¶5 Brown's case was assigned to the Custer County Justice Court on September 2, 2008. She was assigned counsel and a jury trial was set for January 28, 2009. On January 12, Brown's counsel moved for a continuance because she was scheduled to attend a dependent/neglect hearing in Roosevelt County on the same day. On January 26, 2009, counsel had Brown sign a Waiver of Speedy Trial, which counsel filed with the Justice Court. On February 12, 2009, the Justice Court granted Brown's motion for a continuance and rescheduled Brown's trial for April 9, 2009. This trial ended in a mistrial due to an evidentiary error committed by a State witness.

¶6 On April 20, the State filed a motion in support of re-filing charges against Brown, urging the court to set a prompt re-trial date, citing speedy trial concerns. A bench trial was scheduled for October 22, 2009. This trial date was 6 months and 13 days after the date of mistrial. Brown's counsel did not challenge the date nor did she file a motion to dismiss on October 10, 2009, for the State's failure to prosecute Brown in a timely manner. At the October 22 trial Brown was found guilty on all counts.

¶7 Brown appealed to the Sixteenth Judicial District Court. Following her jury trial on April 20, 2010, Brown was once again convicted on all charges. She filed a timely appeal.

## STANDARD OF REVIEW

¶8 Claims of ineffective assistance of counsel (IAC) present mixed questions of law and fact that we review de novo. *State v. Green*, 2009 MT 114, ¶ 14, 350 Mont. 141, 205 P.3d 798 (citation omitted).

## DISCUSSION

¶9     *Did Brown receive ineffective assistance when her counsel failed to file a motion to dismiss on grounds that Brown did not receive a speedy trial?*

¶10    The Sixth and Fourteenth Amendments of the United States Constitution and Article II, Section 24 of the Montana Constitution grant to criminal defendants the right to a speedy trial. *State v. Sartain*, 2010 MT 213, ¶ 13, 357 Mont. 483, 241 P.3d 1032 (citations omitted). Misdemeanor trials must be conducted, with some exceptions, within 6 months after entry of a plea or a mistrial. Section 46-13-401(2); *State v. Strong*, 258 Mont. 48, 50, 851 P.2d 415 (1993). We have previously explained that misdemeanor charges will be dismissed pursuant to § 46-13-401(2), MCA, "if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay." *City of Helena v. Roan*, 2010 MT 29, ¶ 9, 355 Mont. 172, 226 P.3d 601(citations omitted).

¶11    We explained in *State v. Bertolino*, 2003 MT 266, 317 Mont. 453, 77 P.3d 543,

> Under § 46-13-401(2), MCA, "after the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months."

We further stated,

> The statute itself serves as the "sole standard of whether 'good cause' for the delay has been shown."

*Bertolino*, ¶ 13 (citations omitted).

¶12    To evaluate counsel's effectiveness, we follow the principles set forth in 1984 by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Boyer*, 215 Mont. 143, 147, 695 P.2d 829, 831 (1985). Under these

principles the defendant must establish that her attorney's performance was deficient and that the deficient performance prejudiced her defense. Counsel's performance is deficient if it falls below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. The defendant must overcome a strong presumption that her counsel's actions were within a broad range of reasonable professional assistance. She must also demonstrate prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *State v. Weisweaver*, 2010 MT 198, ¶ 9, 357 Mont. 384, 239 P.3d 952 (citation omitted).

¶13 Ineffective assistance claims are brought before this Court by two means: direct appeal or postconviction relief. When IAC claims are raised on direct appeal, as here, we must determine whether the claims are more appropriately addressed in a postconviction relief proceeding. *Sartain*, ¶ 30. Because our review of IAC claims is subject to the "strong presumption" that counsel's actions are "within the wide range of reasonable professional assistance," a record which is silent about the reasons for the attorney's actions or omissions seldom provides sufficient evidence to rebut this presumption. *Sartain*, ¶ 30. Generally, if the record fails to answer the question "why" counsel did or did not take the actions constituting the alleged ineffective assistance, the claims are better raised by a petition for postconviction relief where the record can be more fully developed. However, in cases where there is "no plausible justification" for counsel's actions or omissions, we review the IAC claim on direct appeal. *Sartain*, ¶ 30. In this

5

case, the record does not establish "why" counsel failed to move for dismissal so we must determine if there is any plausible justification for counsel's actions.

¶14 Brown asserts that "counsel had no legitimate reason for failing to file a motion to dismiss for violation of Mont. Code Ann. § 46-13-401(2) when the charges were re-filed but not re-tried within six months of the mistrial." The State counters that both Brown and her counsel were present when the Justice Court set the trial date for October 22—13 days beyond the 6-month mistrial date. As a result, it argues, Brown waived any objection under the speedy trial statute, § 46-13-401(2), MCA. Additionally, the State contends that Brown suffered no prejudice from counsel's failure to file a "meritless" motion to dismiss. Lastly, the State argues that should we find prejudice, we should remand to the District Court for a postconviction proceeding because counsel could have known there was "good cause" for the delay of the trial beyond the 6-month statutory deadline.

¶15 We have not previously ruled that a defendant's failure to object to an untimely-scheduled trial by a trial court constitutes a waiver of the defendant's right to a speedy trial, and we decline to do so now. It is well-established that it is not the duty of a defendant to bring himself or herself to trial; rather, it is the duty of the courts and the prosecutors. *State v. Lacey*, 2010 MT 6, ¶ 17, 355 Mont. 31, 224 P.3d 1247; *State v. Ariegwe*, 2007 MT 204, ¶¶ 64-65, 338 Mont. 442, 167 P.3d 815. Also as noted above, misdemeanor charges must be dismissed under § 46-13-401(2), MCA, if the defendant did not request a postponement and the State did not show good cause for the delay. In the case before us, Brown did not move for any postponements after the second trial was

scheduled. Therefore, it was incumbent upon the State to insist upon a timely trial date or show good cause why the trial could not be held within the required 6 months. *Roan*, ¶ 9. The State did neither. It was simply not the obligation of Brown's counsel to notify the Justice Court that the scheduled trial was outside the 6-month speedy trial window.

¶16 Under the facts here, and especially given that the State alerted the court and Brown of speedy trial concerns prior to the trial setting, we conclude that the failure of Brown's counsel to move for dismissal after the expiration of 6 months following the mistrial was deficient performance, and does not meet the objective standard of reasonableness. There is no reason to remand for a postconviction proceeding, as we can discern "no plausible justification" for counsel's failure to file the motion. *Sartain*, ¶ 30.

¶17 We next determine whether or not Brown was prejudiced by the delay. Under the prejudice prong of *Strickland*, a defendant must show there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. Had counsel filed a motion to dismiss on grounds of untimeliness, the Justice Court would have been required to dismiss the charges unless Brown had requested a delay pushing the trial beyond the 6-month date or the State had presented good cause for the delay. Again, neither of these contingencies occurred. But for counsel's deficient performance, the result of the proceeding would have been a dismissal of the charges. Brown suffered extreme prejudice as a consequence of her attorney's IAC—a conviction instead of a dismissal.

¶18 For the foregoing reasons, we conclude Brown's attorney provided ineffective assistance by failing to file a motion to dismiss, and that Brown was prejudiced as a

7

result.  We therefore remand this matter to the District Court with instructions to dismiss

Brown's charges and vacate her conviction.


/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE