

DA 13-0196

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 18N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

SAMUEL PAPE BETTIE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-716
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jennifer A. Giuttari, Montana Legal Justice, PLLC; Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant Attorney General; Helena, Montana

            Scott Twito, Yellowstone County Attorney; Billings, Montana

Submitted on Briefs:  December 10, 2013
Decided:  January 21, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Samuel Pape Bettie (Bettie) appeals from the judgment of the Montana Thirteenth Judicial District Court, Yellowstone County, accepting his no contest plea to felony charges and sentencing him to prison for two terms of fifteen years with five suspended, to run consecutively.

¶3      On November 1, 2011, at approximately 2:34 a.m., Billings Police Department (BPD) officers and detectives were dispatched to the area of 10 Monroe in Billings to investigate a stabbing.  A woman, whose friend had been stabbed, identified Bettie, who was walking down the street nearby, as the aggressor.  A responding officer stopped Bettie and observed that his shirt and hands appeared to be covered in blood.  Bettie appeared intoxicated and agitated.  The officer followed a trail of blood coming from Bettie to find a bloody knife with two four-inch blades.  Several people came out of the house on 10 Monroe and pointed to Bettie, saying he had stabbed several other people that night.  Officers detained Bettie and attempted to determine his identity.  Bettie stated that he had identification in his pocket. While searching for Bettie's identification, the officers discovered some objects in his pocket, including a plastic bag containing ten small bags of what appeared to be equal quantities of methamphetamine.  They also found a second plastic bag with two blue and white capsules in it.

2

¶4 On November 29, 2011, Bettie was charged with five counts of felony aggravated assault with weapons enhancement, one count of felony assault with a weapon and one count of felony criminal possession of dangerous drugs with intent to distribute. The court issued an order scheduling an omnibus hearing for January 5, 2012, and a jury trial for March 12, 2012. These were rescheduled to February 16, 2012, and April 23, 2012, respectively, to allow for appointment of a public defender to represent Bettie. Counsel was appointed on January 23, 2012. On April 19, 2012, Bettie's counsel requested a continuance of the trial date to allow for important interviews to be conducted, since the investigator charged with the case had recently been suspended from her job. His motion noted, however, that while Bettie had approved the continuance, he was not sure he wanted to waive his right to a speedy trial. The motion was granted and the court rescheduled the trial for May 29, 2012. On May 22, 2012, Bettie's counsel again moved for a continuance to allow necessary witnesses to be located and interviewed. The District Court granted that motion and rescheduled the trial for August 20, 2012. On June 12, 2012, the prosecution moved for a continuance because the prosecutor was not available for trial on the set date. The District Court granted the motion and rescheduled the trial for October 22, 2012. On July 13, 2012, Bettie himself wrote a letter to the presiding judge alleging his right to a speedy trial had been violated. He also wrote a letter to the Office of the Public Defender protesting that his counsel's representation did not comply with his wishes. The District Court scheduled a status conference for August 10, 2012, to address Bettie's concerns about his right to a speedy trial. To address Bettie's concerns, the court reset Bettie's trial date for September 17, 2012. On September 14, 2012, pursuant to a plea agreement, Bettie pled no contest to

one count of aggravated assault and the count of criminal possession of dangerous drugs with intent to distribute. The plea agreement, which Bettie signed, provided that Bettie waived his right to a trial by jury or by judge and explicitly stated:

> **8. Services of Counsel:**
> I am satisfied with my attorney's services and advice, and I have had adequate time to prepare a defense. I have received a copy of all the discovery and investigative reports in this case, and have reviewed those with my attorney.

The court accepted his plea. On December 14, 2012, the court sentenced Bettie to two consecutive fifteen-year sentences, with five years of each suspended.

¶5 Bettie appeals, alleging that his trial counsel rendered ineffective assistance of counsel (IAC) by failing to file a motion to dismiss on speedy trial grounds. Alternatively, Bettie argues, this Court should exercise plain error review to examine his claim that his fundamental constitutional right to a speedy trial was violated. In response, the State argues that "[s]ince Bettie entered knowing and voluntary nolo contendre [*sic*] pleas to aggravated assault and criminal possession of dangerous drugs with intent to distribute, and accepted the benefit of a plea agreement dismissing five other felony charges pending against him, Bettie waived his right to argue on appeal that he was denied his right to a speedy trial[.]"

¶6 This Court will only consider IAC claims raised on direct appeal where the record reveals the reasoning underlying a counsel's actions. *See State v. Aker*, 2013 MT 253, ¶ 22, 371 Mont. 491, 310 P.3d 506 (only record-based IAC claims are reviewable on direct appeal). Non record-based claims are more properly considered in postconviction proceedings, where a record establishing the reason for counsel's actions or inactions may be developed. *See State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095. In cases

4

where counsel is faced with an obligatory, non-tactical action, however, further inquiry into the reason for counsel's nonperformance is unnecessary and an IAC claim based on the inaction may be considered on direct appeal. *Kougl*, ¶ 15.

¶7 Bettie argues that his IAC claim is reviewable on direct appeal because moving to dismiss for lack of a speedy trial was an obligatory non-tactical action and there is no plausible justification for his counsel's failure to do so. He bases this argument on our decision in *State v. Brown*, 2011 MT 94, ¶ 16, 360 Mont. 278, 253 P.3d 859, where we determined that a defendant's counsel's failure to move for dismissal after a certain period constituted IAC. In *Brown*, however, § 46-13-401(2), MCA, required dismissal of misdemeanor charges against a defendant after six months if the defendant did not request a postponement and the State did not show good cause for delay. *Brown*, ¶ 17. In this case, where Bettie was charged with seven felonies, the six-month time limitations do not apply. Further, although the common law analogue to *Brown*, *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815, provides that 200 days' interval between the initial accusation and trial is enough to trigger speedy trial concerns, *Ariegwe* does not require dismissal after that period has elapsed. *See Ariegwe*, ¶¶ 39-43. Accordingly, moving to dismiss for lack of a speedy trial was not an obligatory action and *Brown* does not provide a basis for Bettie's argument that his IAC claim must be reviewed on direct appeal.

¶8 Assuming that Bettie's IAC claim is reviewable on direct appeal, however, it is improperly raised here. Bettie pled no contest to the charges against him, thereby waiving his right to appeal on any nonjurisdictional grounds. This Court has held that "'a defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly

5

entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Consequently, after the plea, the defendant may attack only the voluntary and intelligent character of the plea, any jurisdictional defects, and any specified adverse pretrial rulings he has reserved the right to appeal pursuant to § 46-12-204(3), MCA. *Pavey*, ¶ 11. Here, the acknowledgment of waiver of rights and plea agreement Bettie signed expressly provided that he was satisfied with his attorney's services. Additionally, Bettie has no pretrial ruling to appeal from, since his counsel never moved to dismiss on speedy trial grounds. By entering into the plea agreement, Bettie waived his right to appeal based either on his attorney's services or any pretrial motions.

¶9      This Court may discretionarily review claimed errors that implicate a criminal defendant's constitutional rights where failing to review the error might result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial, or compromise the integrity of the judicial process. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, 77 P.3d 224. A criminal defendant's right to a speedy trial is a fundamental constitutional right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, § 24, of the Montana Constitution. *State v. Stops*, 2013 MT 131, ¶ 18, 370 Mont. 226, 301 P.3d 811. Plain error review, however, should be used "sparingly" and pursuant to narrow circumstances. *Daniels*, ¶ 20. Bettie's trial proceeded reasonably expeditiously under the circumstances and the District Court made efforts to respond to his

6

concerns about his right to a speedy trial. We decline to exercise plain error review to reach Bettie's speedy trial claim.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by the statutes and precedent.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON