DA 13-0355

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 340N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ZACHARY G. SHAFFER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                      In and For the County of Carbon, Cause Nos. DC 12-01 and DC 12-26
                      Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Julie Brown, Montana Legal Justice, PLLC; Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
            Assistant Attorney General; Helena, Montana

            Alex Nixon, Carbon County Attorney; Red Lodge, Montana

                      Submitted on Briefs:  November 19, 2014
                                 Decided:  December 23, 2014

Filed:

                                   Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Zachary Shaffer (Shaffer) appeals from the judgments and sentences of the Montana Twenty-Second Judicial District Court, Carbon County, committing him to prison for the felony offenses of assault on a peace officer and intimidation. We affirm.

¶3 The State brought two cases against Shaffer, D.C. 12-01 and D.C. 12-26. Each charged Shaffer with two felonies and two misdemeanors, though the charged offenses and underlying events were different in each case. Shaffer was charged on January 10, 2012, in D.C. 12-01. He was charged on July 26, 2012, while D.C. 12-01 was ongoing, in D.C. 12-26.

¶4 At some point before November 20, 2012, Shaffer made a pro se motion to dismiss both cases. This motion was not filed or made part of the District Court's record. On November 20, 2012, at the prosecutor's request, the District Court held a status conference on Shaffer's motion. During that conference, Shaffer explained that the motion was based on his belief that his attorney did not communicate with him frequently enough. The District Court also heard from the State and Shaffer's attorney and ultimately denied the motion.

¶5 On January 14, 2013, a jury trial was held for D.C. 12-01. By this time, the State had dismissed three of the charges in that case. The jury found Shaffer guilty of the remaining felony charge, assault on a peace officer. D.C. 12-26 did not go to trial at the same time.

Instead, on February 22, 2013, Shaffer entered into a plea agreement with the State. He agreed to enter a nolo contendere plea to the felony intimidation charge, and in return the State agreed to dismiss the other three charges. Shaffer appeared in the District Court on that same day and entered the nolo contendere plea, which the District Court accepted.

¶6     On March 6, 2013, the District Court sentenced Shaffer in both D.C. 12-01 and D.C. 12-26. Shaffer was committed to Montana State Prison for two consecutive ten-year sentences. Shaffer appeals.

¶7     Shaffer argues that the judgments in both cases should be vacated. Arguing that his right to a speedy trial was violated and that the charges against him would have been dismissed on that ground but for his counsel's failure to move for dismissal, he claims that he received ineffective assistance of counsel (IAC).

¶8     Claims of IAC present mixed questions of law and fact that we review de novo. *State v. Brown*, 2011 MT 94, ¶ 8, 360 Mont. 278, 253 P.3d 859. However, where an IAC claim is brought, as here, on direct appeal, we must first consider whether the claim is more appropriately addressed in a postconviction relief proceeding. *Brown*, ¶ 13. Generally, if the record fails to indicate why counsel made the acts or omissions causing the alleged IAC, the claims are better raised in a petition for postconviction relief. This is because the record can be more fully developed in such a proceeding. *Brown*, ¶ 13. The exception to this general rule is where there is no plausible justification for counsel's acts or omissions. *Brown*, ¶ 13. In such a case, a fully developed record is not necessary and we will review the claim on direct appeal. *See State v. Kougl*, 2004 MT 243, ¶ 15, 323 Mont. 6, 97 P.3d 1095.

¶9 Here, the record contains no indication of why counsel did not move to dismiss the cases. As such, we will only review this claim now if there was no plausible justification for Shaffer's attorney to fail to so move.

¶10 Shaffer argues that our decision in *Brown* is directly analogous to the present case. In *Brown*, as here, the defendant claimed that his right to a speedy trial was violated and that counsel was ineffective for failing to move to dismiss the charges against him on that ground. *Brown*, ¶ 3. The charges in that case were misdemeanors, and, as such, our speedy trial analysis was controlled by statute. According to § 46-13-401(2), MCA, the charges against the defendant had to be dismissed after six months if the State did not show cause for the delay. *Brown*, ¶ 10. Since six months had passed and the State failed to show cause, we recognized that the defendant in *Brown* was entitled pursuant to that statute to have the charges against him dismissed. As such, we held that there was no plausible justification for counsel's failure to move for dismissal, and we reviewed and reversed the District Court's judgment on direct appeal. *See Brown*, ¶¶ 14-16.

¶11 Unlike in *Brown*, where dismissal of the charges would have been all but inevitable upon counsel's motion, it is not so clear whether dismissal would have resulted from a similar motion in Shaffer's case. Since Shaffer was charged with felonies, analysis of Shaffer's right to a speedy trial is controlled by our decision in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815, rather than § 46-13-401(2), MCA. According to our opinion in that case, a four-factor balancing test is used to determine whether the right to a speedy trial has been violated. This is a fact-intensive inquiry that requires a court to "engage in a difficult and sensitive balancing process." *Ariegwe*, ¶ 101 (quoting *Barker v.*

4

*Wingo*, 407 U.S. 514, 533, 92 S. Ct. 2182, 2193 (1972)). The court must consider whether trial has been delayed past a 200-day trigger date; the extent to which the delay stretches beyond the trigger date; the reasons for the delay and to which party these reasons can be attributed; the accused's response to the delay; and whether the accused has been prejudiced by the delay. *Ariegwe*, ¶¶ 37-39, 63, 64, 67, 73, 86. Unlike the analysis applied in *Brown*, no single factor or finding is decisive. Instead "the factors must be considered together with such other circumstances as may be relevant." *Ariegwe*, ¶ 102.

¶12     For this reason, our decision in *Brown* does not control the outcome here. Given a relatively uncertain outcome from a motion to dismiss, we are unable to say that there was no plausible justification for Shaffer's counsel to decide not to move for dismissal. As such, Shaffer's IAC claim cannot be reviewed in this direct appeal. *Brown*, ¶ 13; *Kougl*, ¶ 15.

¶13     Shaffer makes the additional claim that the District Court erred by failing to consider his pro se motion to dismiss. Yet this is not so. On November 20, 2012, the District Court held a hearing on the motion. It is clear from the transcript of that hearing that the District Court specifically addressed and denied Shaffer's pro se motion. We will not disturb the District Court's judgment based on Shaffer's contention otherwise.

¶14     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The issues in this case are controlled by the statutes and precedent.

¶15     Affirmed.

5

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE