FILED

03/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0425

DA 21-0425

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 40N

JAY DONALD WITKOWSKI,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2017-35
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jay Donald Witkowski, Self-represented, Shelby, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

      Dylan J. Jensen, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  January 19, 2023

Decided:  March 7, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jay Donald Witkowski (Witkowski) appeals from the June 9, 2021 Order to Dismiss Petitioner's Petition for Post Conviction Relief issued by the Seventeenth Judicial District Court, Valley County. We affirm.

¶3 In September 2017, Witkowski was charged with attempted escape, aggravated kidnapping, and criminal mischief, all felonies, and unlawful restraint and disorderly conduct, both misdemeanors. Pursuant to a plea agreement, Witkowski appeared on January 16, 2018, and pled guilty to the aggravated kidnapping offense. On February 20, 2018, Witkowski was sentenced to forty years at the Montana State Prison (MSP), consecutive to Valley County Cause No. DC-2017-05 (a deliberate homicide charge), and the remaining charges were dismissed. Witkowski has never sought to withdraw his guilty plea at the district court level.[1] He did initially seek sentence review on March 15, 2018,

[1] Witkowski did file a Motion to Withdraw Guilty Plea and dismiss charges with this Court on November 7, 2022, which was denied on November 22, 2022, as such a motion is not proper before this Court. Section 46-16-105(2), MCA, provides that a defendant must seek withdrawal of his/her guilty plea in the district court within one year from when his/her conviction becomes final. On January 24, 2023, Witkowski filed a "Motion to File: Motion: To Vacate/Overturn/Dismiss Judgement/Conviction and Sentencing" in this Court. That motion is denied.

but filed a waiver of his right to sentence review on May 17, 2018. On October 30, 2020, nearly three years after being sentenced, Witkowski petitioned for an out-of-time appeal, which this Court denied on November 10, 2020. Witkowski filed his postconviction relief (PCR) petition before the District Court on February 12, 2021.

¶4 Witkowski's petition for PCR asserted claims of judicial bias, ineffective assistance of counsel (IAC), and sheriff's department misconduct. The District Court considered each of these claims individually, finding that Witkowski provided no evidence, only unsupported and self-serving assertions, of judicial bias, IAC, or misconduct by the sheriff's department and dismissed the petition without holding a hearing.

¶5 Upon appeal, Witkowski asserts the District Court abused its discretion and/or denied him due process when, without taking into consideration his mental health issues—that he has attention deficit hyperactivity disorder (ADHD), bipolar depression, and learning disabilities—it denied him assistance from an attorney and dismissed his PCR petition and when it allowed the sentence for his aggravated kidnapping offense to run consecutive to his homicide case.[2] The State asserts the District Court properly dismissed

---

[2] It is noted that Witkowski's PCR petition is disjointed and confusing. It is not clear as to what errors he asserts were committed by the District Court or the bases for relief from those asserted errors. In particular, it is difficult to determine if his claim that the District Court improperly imposed the sentence in this case consecutive to that imposed in his homicide case is related to his claims of judicial bias or to some asserted illegality. On its face, the sentence imposed was within the statutory range for an aggravated kidnapping under § 45-5-303(2), MCA, and thus, appears to be a legal sentence. Further, Witkowski did not object to the consecutive nature of the sentence at sentencing and did not subsequently appeal this issue. Further, in his PCR petition, Witkowski failed to assert the consecutive sentence violated due process. His claim that the court improperly imposed a consecutive sentence is thus procedurally barred as such a claim could have been raised on direct appeal and, to the extent it could not, was waived by not being raised in his PCR petition.

Witkowski's PCR petition as it was insufficient to satisfy the procedural threshold of § 46-21-104(1)(c), MCA.

¶6    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755; *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. A district court may dismiss a petition for postconviction relief as a matter of law, and we review a court's conclusions of law for correctness. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. "We review discretionary rulings in PCR proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576 (citing *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 1047).

¶7    In Montana, "petitions for post-conviction relief are collateral attacks that are civil in nature and are not governed by the Sixth Amendment requirements for counsel." *State v. Black*, 245 Mont. 39, 43, 798 P.2d 530, 532 (1990) (citing *Coleman v. State*, 194 Mont. 428, 433, 633 P.2d 624, 626-27 (1981)). Postconviction petitions must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. A district court may properly dismiss a PCR petition for failure to state a claim when the petitioner fails to attach the appropriate affidavit, records, or other evidence required by § 46-21-104(1)(c), MCA. *Herman*, ¶¶ 15, 32.

4

¶8 The Court "will not consider grounds for postconviction relief that reasonably could have been raised on direct appeal." *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, 132 P.3d 540. "Criminal defendants may not substitute postconviction relief for direct appeal." *DeShields*, ¶ 15; *see also* § 46-21-105(2), MCA.

¶9 Upon our review of the record, we agree with the State and the District Court that Witkowski's PCR petition does not meet the threshold standard of § 46-21-104(1)(c), MCA, such that the District Court correctly dismissed it for failure to state a claim.

¶10 Witkowski asserts judicial bias based on the judge's statements and conduct during the sentencing hearing—"the Judge did not even look interested in what my Attorney had to say, As she looked through papers, not even paying attention, never took into consideration As to my state of mind At the time of incedent [sic]." Witkowski does not assert he objected or made any record as to allegations of judicial bias and has arguably waived this claim for appeal.[3] Further, these complaints on their face do not evidence judicial bias or misconduct. Looking down or reviewing documents does not establish the District Court did not listen to or consider what Witkowski's attorney was saying. Further, although Witkowski appears to assert the judge was biased against him, he fails to articulate any facts to support this claim. Contrary to Witkowski's allegations of inattentiveness, the District Court's Judgment evidences the court's attentive consideration of a myriad of

---

[3] Witkowski did not provide a transcript of the sentencing hearing to evidence any objection or assertion relating to a claim of judicial bias.

issues—the behavior of the victim, Witkowski's hopelessness and fear, his inability to control his behavior when frustrated with repeated failure to comply with community behavioral standards, his need for significant treatment and supervision, and the risk he posed to community safety. These findings also provide logical rationale for the length of sentence imposed and the running of the sentence consecutive to the homicide offense. As Witkowski's PCR petition provided nothing more than speculation that the District Court was biased against him, it failed to meet the pleading threshold of § 46-21-104(1)(c), MCA, and its dismissal was correct under § 46-21-201(1)(a), MCA.

¶11 Witkowski contends his attorney committed IAC at his sentencing hearing as he failed to bring up mitigating factors as to his state of mind and that the detention facility had not provided him with his mental health medication. He also contends that his counsel "seemed to give up when Judge didn't even listen to any thing the defence [sic] said."[4]

¶12 We have adopted the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to judge IAC claims. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. To show IAC, "a defendant must prove both (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *State v. Ward*, 2020 MT 36, ¶ 18, 399 Mont. 16, 457 P.3d 955. In analyzing

---

[4] Witkowski also asserts various claims faulting the actions of his counsel in his homicide case. Although he asserts that if the actions of his counsel in his homicide case had not been deficient, he would have been less hopeless and less inclined to attempt escape, he has not demonstrated how the actions of his counsel in the homicide matter are relevant to the constitutionality of his counsel in this case. As such, we do not address the allegations relating to conduct of counsel in his homicide case.

prejudice, the defendant must show "a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance." *State v. Brown*, 2011 MT 94, ¶ 12, 360 Mont. 278, 253 P.3d 859. A strong presumption exists that counsel's performance was "within a broad range of reasonable professional assistance." *Brown*, ¶ 12.

¶13 Even assuming Witkowski's allegations regarding counsel's actions in this case are true, they do not establish either deficient performance or prejudice. Witkowski has failed to delineate how his counsel's failure to advise the Court of his mental health problems and the failure of the detention center to provide prescribed medications to Witkowski was deficient performance. At the time of sentencing, the District Court had been provided the Presentence Investigative Report (PSI) of September 18, 2017, along with a January 24, 2018 letter from Probation and Parole Officer Dibblee updating information contained in the PSI. As such, the District Court was aware of Witkowski's mental health history, including his ADHD, and his assertion he was overwhelmed with his situation and not properly medicated. He does not delineate how his counsel would possess any more information about Witkowski's state of mind or issues with medication than those available to the court through his PSI and the updating letter. He also fails to delineate how counsel's failure to address Witkowski's state of mind or issues with medication prejudiced him. From the Judgment, it is clear the District Court was aware of and considered Witkowski's mental state of hopelessness and his significant need for treatment in imposing a sentence. The District Court considered this information in conjunction with Witkowski's significant

criminal history and demonstrated prior inability to conform his behaviors to legal behaviors. In his PCR petition, Witkowski failed to demonstrate either *Strickland* prong and the District Court correctly dismissed his IAC claim.

¶14 Finally, Witkowski asserts a claim for PCR for sheriff's department misconduct because an officer who investigated his homicide case was later convicted of a sexual offense. Again, Witkowski has failed to articulate any connection whatsoever between the officer's sexual offenses and this case.[5] Thus, he has failed to meet the pleading threshold of § 46-21-104(1)(c), MCA, and this claim was correctly dismissed by the District Court.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

---

[5] Nor does he even establish a relationship between the officer's misconduct and his homicide case.