DA 22-0296

FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0296

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 125N

JAY DONALD WITKOWSKI,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DV-2021-65
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jay Donald Witkowski, Self-represented, Shelby, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

      Dylan Jensen, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  May 31, 2023

Decided:  June 27, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jay Donald Witkowski (Witkowski) appeals from the May 20, 2022 Order on Petition for Postconviction Relief issued by the Seventeenth Judicial District Court, Valley County. We affirm.

¶3 Witkowski was charged with deliberate homicide on February 7, 2017. He pled guilty pursuant to a plea agreement on August 16, 2017. Thereafter, he raised complaints about counsel which, after an evidentiary hearing, the District Court determined were not seemingly substantial. Witkowski then appealed and this Court affirmed his conviction. *State v. Witkowski*, No. DA 18-0621, 2021 MT 297N, 2021 Mont. LEXIS 937. Witkowski then filed a petition for postconviction relief (PCR). After the State responded, the District Court denied the petition without conducting an evidentiary hearing.

¶4 Witkowski's PCR petition asserted claims of ineffective assistance of counsel (IAC), prosecutorial misconduct, judicial bias, and newly discovered evidence supporting a claim of innocence. The District Court considered each of these claims individually, finding that Witkowski provided no evidence, only unsupported and self-serving assertions, of IAC, prosecutorial misconduct, and judicial bias and that Witkowski's "new"

2

video evidence—of poor-quality shot from a train engine showing the crime scene and Witkowski's minor injuries sustained on the date the offense occurred—was not new but available to him before trial and at the time he entered his guilty plea. The District Court further found that Witkowski failed to explain how the video evidence might establish his innocence.

¶5 Upon this appeal, Witkowski asserts five issues which he intermixes with each other: (1) the District Court erred by dismissing his PCR petition for failing to meet pleading standards; (2) IAC; (3) the District Court erred in imposing a parole condition requiring him to pay parole supervision fees while incarcerated; (4) the District Court erred in denying his motion to withdraw his guilty plea; and (5) judicial bias in sentencing.[1]

¶6 The State asserts the District Court properly dismissed Witkowski's PCR petition as it was insufficient to satisfy the procedural threshold of § 46-21-104(1)(c), MCA.

¶7 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755 (citing *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118). A district court may dismiss a petition for postconviction relief as a matter of law, and we review a

---

[1] It is noted that Witkowski's PCR petition is, at best, disjointed and confusing and his appeal briefing intermixes the issues he asserts. For example, he bases his claim that the District Court erred in dismissing his PCR petition upon IAC of trial counsel, his asserted denial of access to a train video, that he acted in self-defense, and that both he and the victim were under the influence of methamphetamine at the time of the offense.

court's conclusions of law for correctness. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. "We review discretionary rulings in PCR proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576 (citing *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 1047).

¶8      In Montana, "petitions for post-conviction relief are collateral attacks that are civil in nature and are not governed by the Sixth Amendment requirements for counsel." *State v. Black*, 245 Mont. 39, 43, 798 P.2d 530, 532 (1990)*; see also Coleman v. State*, 194 Mont. 428, 433, 633 P.2d 624, 627 (1981). Postconviction petitions must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. A district court may properly dismiss a PCR petition for failure to state a claim when the petitioner fails to attach the appropriate affidavit, records, or other evidence required by § 46-21-104(1)(c), MCA. *Herman*, ¶¶ 15, 32.

¶9      This Court "will not consider grounds for postconviction relief that reasonably could have been raised on direct appeal." *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, 132 P.3d 540. "Criminal defendants may not substitute postconviction relief for direct appeal." *DeShields*, ¶ 15; *see also* § 46-21-105(2), MCA.

¶10     Upon our review of the record, we agree with the State and the District Court that Witkowski's PCR petition does not meet the threshold standard of § 46-21-104(1)(c), MCA, such that the District Court correctly dismissed it for failure to state a claim.

4

¶11 Witkowski contends the District Court abused its discretion when it denied his "federal constitutional right to effective assistance of counsel," and insinuates this occurred through the District Court's failure to adequately inquire into his complaint that defense counsel rendered IAC.

¶12 We have adopted the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to judge IAC claims. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. To show IAC, "a defendant must prove both (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *State v. Ward*, 2020 MT 36, ¶ 18, 399 Mont. 16, 457 P.3d 955 (citation omitted). In analyzing prejudice, the defendant must show "a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance." *State v. Brown*, 2011 MT 94, ¶ 12, 360 Mont. 278, 253 P.3d 859. A strong presumption exists that counsel's performance was "within a broad range of reasonable professional assistance." *Brown*, ¶ 12.

¶13 On August 16, 2017, Witkowski appeared with his trial counsel, Clark Mathews and Terrance Toavs, for a change of plea hearing. At that time, Witkowski was fully advised of his right to persist in his not guilty plea and put the State to its burden to prove beyond a reasonable doubt at trial that he committed the homicide offense. He was further advised that if he entered a guilty plea, he was giving up his right to trial and his right to require the State to prove his guilt beyond a reasonable doubt. Witkowski's counsel, Mathews, as an officer of the court, advised that Witkowski had engaged with counsel and had fully

5

discussed potential defenses and lesser included offenses. Witkowski acknowledged he had had the opportunity to review the evidence, he was fully satisfied with his counsel, and he understood the rights he was waiving—including the right to challenge evidence, cross-examine witnesses, or argue for a lesser-included offense—and the possible penalties which could be imposed at sentencing. He averred he had reviewed the plea agreement with his counsel, he fully understood it, and he signed it. Witkowski then admitted that he had knowingly caused the death of Evelynn Garcia using a dangerous weapon to do so and the court accepted his guilty plea.

¶14 The next day, the District Court received a letter dated August 15, 2017, from Witkowski requesting substitution of his counsel. The District Court held a hearing to determine if Witkowski's complaints about his counsel were seemingly substantial. At that hearing, it became apparent that the letter dated August 15, 2017, was written prior to Witkowski appearing with his counsel for his change of plea hearing. After fully discussing each of Witkowski's asserted complaints with him, it became clear that although Witkowski had earlier felt like things were not being looked at close enough, he did not have specifics as to that, and was since able to discuss all his concerns—including why motions such as a change of venue were not pursued—with counsel. The District Court determined Witkowski's complaints were not seemingly substantial, to which he did not disagree, and further acknowledged he was no longer contending he was pressured into entering the plea agreement. The District Court specifically asked if Witkowski's counsel

intended to file a motion to withdraw his guilty plea and was advised counsel did not intend to do so—to which Witkowski also did not disagree.

¶15 Other than to assert the court "denied my federal constitutional right to effective assistance of counsel[,]" Witkowski has failed to delineate any specifics as to how the court did this. The District Court received Witkowski's complaints regarding his counsel, held a hearing, and thoroughly explored his claims that counsel were ineffective. Given the detailed inquiry at hearing, combined with counsel's information and explanations, and Witkowski's failure to delineate any particular deficiencies or problems with counsel, we find no error on the District Court's part in finding Witkowski's claims regarding counsel to not be seemingly substantial. Witkowski has utterly failed to demonstrate counsel's performance was deficient, let alone that counsel's deficient performance prejudiced his defense. In his PCR petition, Witkowski failed to demonstrate either *Strickland* prong and the District Court correctly dismissed his IAC claim.

¶16 Intermixed in his complaints about the District Court denying his PCR petition for failure to state a claim, Witkowski references a train video and a photograph which he asserts were "never entered into evidence" and asserts he was "convicted without a defense," implicating claims of IAC. Witkowski appears to assert that he did not have access to the video and that the video showed the presence of another car at the scene of the offense. The State vehemently disputes Witkowski's assertion the video shows another car. The affidavit filed in support of the State's motion for leave to file the information details the contents of the video—one vehicle, consistent with the vehicle Witkowski was

driving, pulling up to and stopping before the railroad tracks. It is difficult to determine exactly what Witkowski's allegations are about the video. Of course, since he pled guilty to the homicide charge and no trial occurred, no evidence was entered. Witkowski seemingly acknowledges his counsel had the video and, prior to his entry of a guilty plea, he acknowledged to the District Court he had had the opportunity to go over the evidence presented by the State with his counsel. To the extent Witkowski asserts the video to be "new" evidence as it was somehow available only to his counsel and not to him, he has failed to establish that "viewed in light of the evidence as a whole [it] would establish that [Witkowski] did not engage in the criminal conduct for which [he] was convicted[.]" Section 46-21-102(2), MCA. At sentencing, the State outlined the evidence supporting its theory that Witkowski stabbed the victim, beat her with a tire iron, and then struck her with his car—which included the victim's blood on layers of Witkowski's clothing. Even if the video showed another vehicle at the train crossing, such would not refute the evidence that Witkowski stabbed the victim.

¶17    It is even more unclear what Witkowski's issue with the photograph is. He asserts he had given his counsel a copy of the photograph which purported to be of a person matching the description he originally gave to law enforcement. The photograph is clearly not new evidence. Additionally, it does nothing to refute the presence of the victim's blood on Witkowski's clothing. Witkowski acknowledged he had the opportunity to go over the evidence provided with his counsel, which certainly would include evidence he provided to his counsel, and as Witkowski pled guilty to the homicide, no evidence was admitted.

8

¶18 Finally, related to the denial of his PCR petition Witkowski contends "I was convicted without a defense . . . I defended myself from what I believed to be a real threat to my own life." He then asserts he and the victim were under the influence of methamphetamine which should have been considered. At best, these statements are confusing. Witkowski appears to assert someone else was involved or another vehicle was present at the offense. He asserts both that he defended himself and that he acted in response to a methamphetamine-induced fear for his life but does not articulate exactly what he defended himself from or what actions he took and why they were justified. Witkowski has failed to adequately develop what the threat to his life was—actions of other men or actions of the victim—or how being under the influence of methamphetamine provided justification for anything. Witkowski has failed to provide anything more than speculation and self-serving statements which are insufficient to "identify all facts supporting the grounds for relief set forth in the petition and [which include] attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA.

¶19 Witkowski asserts the District Court erred in imposing a parole condition requiring him to pay parole supervision fees while incarcerated. Witkowski misunderstands or mischaracterizes the parole condition. The condition, (m)(i), authorizes the Department of Corrections to collect supervision fees for time periods where Witkowski is on parole, it does not require that Witkowski pay parole fees while he is incarcerated.

¶20     Witkowski asserts the District Court abused its discretion by denying his motion to withdraw his guilty plea again asserting "I had been denied access to [the] train video and to all evidence" and that he had requested his trial counsel Mathews file a motion to withdraw his guilty plea prior to sentencing.  As discussed above, Witkowski was not denied access to all evidence.  He acknowledged the opportunity to review all evidence provided by the State.  The video and photograph discussed above do not point to innocence when viewed in light of the evidence as a whole.  Further, he did not express disagreement at the plea change hearing when counsel advised no motion to withdraw Witkowski's guilty plea was going to be filed.

¶21     Witkowski asserts judicial bias when the District Court imposed a consecutive sentence to that imposed in this case for a subsequent attempted escape.  Witkowski mixes apples and oranges.  The District Court's sentencing in a subsequent case does not substantiate any inappropriate bias of the District Court in this case.

¶22     Witkowski's petition and subsequent briefing fail to identify facts supporting the relief he seeks.  At best, they set forth inconsistent speculations.  Witkowski merely grasps at straws with his meritless claims for postconviction relief.  From our review of the record, we find no credible claims of IAC nor error on the part of the District Court in denying Witkowski's PCR petition without a hearing.

¶23     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶24    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE