

ORIGINAL

FILED

07/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0358

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0358

JAY ARNOLD WITKOWSKI,

    Appellant and Petitioner,

v.

STATE OF MONTANA,

    Appellee and Respondent.

FILED

JUL 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

## O R D E R

Jay Donald Witkowski moves for the appointment of counsel in this appeal. Witkowski appeals a May 3, 2023 order entered by the Seventeenth Judicial District Court, Valley County, denying his motion to vacate the judgment for his 2018 conviction of aggravated kidnapping. The order was entered in his original criminal case.

The Court has addressed this matter previously. In October 2020, Witkowski attempted to appeal his 2018 conviction and sentence for aggravated kidnapping by way of a petition for an out-of-time appeal. We denied the petition, stating, "Witkowski provides no reason for his delay now when, in 2018, he was aware of how the process for seeking untimely appeals works in this Court." *State v. Witkowski*, No. DA 20-0528, Order, at 2 (Mont. Nov. 10, 2020). Then, in August 2021, Witkowski appealed the District Court's dismissal of his petition for postconviction relief on the 2018 aggravated kidnapping conviction. We affirmed. *Witkowski v. State*, No. DA 21-0425, 2023 MT 40N, 2023 Mont. LEXIS 278 (Mar. 7, 2023).[1]

Witkowski is not entitled to appointment of counsel, but further, the appeal is improper. Montana law provides that "[a]n appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial

---

[1] We observe that, during the pendency of this appeal, Witkowski filed a Motion to Vacate/Overturn/Dismiss Judgement/Conviction and Sentencing with this Court.

rights of the defendant." Section 46-20-104(1), MCA. Witkowski previously attempted an appeal of his conviction by an out-of-time appeal, which this Court denied. Recently, this Court affirmed the District Court's dismissal of his petition for postconviction relief of that conviction.[2] Both decisions are considered final judgments. M. R. App. P. 19(2). Witkowski cannot return to this Court by appealing an order filed within the same criminal case denying a motion to set aside the judgment. We caution Witkowski that further attempts to create avenues to appeal his 2018 conviction may be sanctioned by a pre-filing restriction. Therefore,

IT IS ORDERED that this appeal is DISMISSED *sua sponte* and the Motion for Appointment of Counsel is DENIED, as moot.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Jay Donald Witkowski personally.

The Clerk is also directed to CLOSE this matter as of this Order's date.

DATED this _11th_ day of July, 2023.

_____

_____

_____

_____

_____

Justices

---

[2] This Court has also denied Witkowski habeas corpus relief concerning his aggravated kidnapping conviction and sentence. *Witkowski v. Bludworth*, No. OP 23-0167, Order (Mont. Mar. 28, 2023).

2